SANFORD *v.* LOWENTHAL.

[Abstract Kentucky Law Reporter, Vol. 1—357.
Reported in Full, 5 Ky. L. 206.]

**Diligence Required of the Holder of Collateral Security to Collect It.**
The holder of collateral security is required only to use ordinary diligence and to act in good faith in his attempt to collect the collateral. Where he obtains a judgment thereon in a court having jurisdiction of the person and the subject matter in controversy, and has execution issued from that court, which is returned no property, he is shown to have exercised ordinary diligence.

APPEAL FROM BALLARD CIRCUIT COURT.

October 28, 1880.

OPINION BY JUDGE HINES:

Appellant complains that the court sustained a demurrer to the second and third paragraphs of his answer, and that the court did not, on the demurrer to the answer, consider the petition and de-

clare it defective. The defect claimed to exist in the petition is that it fails to show that appellee used proper diligence in attempting to collect the claims placed in his hands as collateral security, in that, as to a portion of the claims, judgment was obtained in a justice's court, and an execution from that court returned "no property". It is insisted that the judgment and execution should have been filed in the office of the circuit court, and an execution issued therefrom. Such a course might be necessary to establish legal insolvency, but no such diligence is required of one who holds paper or claims as collateral security. He is required only to use ordinary diligence, and to exercise good faith in his attempt to collect. This is an elementary principle, and requires no citation of authority to support it. To obtain judgment in a court having jurisdiction of the person and of the subject-matter in controversy, and to have execution issued from that court and returned "no property", is in itself sufficient evidence of ordinary diligence, which is all that is required in such cases as this. It does not alter the case that the receipt for the claims held as collateral stipulates that appellee is to use "due diligence" in collecting. Such a stipulation neither enlarges nor narrows the liability incidentally attaching to such a contract.

It is also insisted that the court erred in sustaining the demurrer to the second and third paragraphs of the answer, first, because of the form of the demurrer, and, second, because each of the paragraphs constitutes a defense to the action. The demurrer was: Plaintiff demurs to each of the paragraphs of the answer. It is insisted that this is not a special demurrer, such as is provided for by Sec. 92 of the Civil Code. This is undoubtedly correct, as it specifies none of the grounds for a special demurrer. It is also insisted that it is not authorized by Sec. 113, which provides that a party may demur to a part of a pleading and present an issue of fact as to another part. It is true that if the demurrer was in terms to the whole of the answer, on the ground that it did not state any defense to the action, it would not be well taken if any portion of the answer presented a defense; but it is also true that if the demurrer designated specifically the second and third paragraphs as defective because they did not state a defense to the action, it would be technically good, and it would be in derogation of the liberal spirit of the code to hold that the demurrer could not be considered because it was to each of the paragraphs, when any two out of the three were bad. The second paragraph of the answer admits that the judg-

ment was obtained on the Harp debt, and execution returned "no property" except as to a certain quantity of tobacco, which sold for $5,117. The fact that appellant would have levied the whole amount of the debt for the tobacco if he had known of the sale does not affect the question.

No fraud or want of diligence is charged against the appellee on account of his failure to notify appellant of the time of sale. Appellee was required to do no more than to obtain judgment and cause execution to issue. The additional allegation in that paragraph that the defendant had, and owned at the time, a certain tract of land subject to execution is immaterial. Appellee was not required to make search for property to satisfy the debt. In the absence of any fraud or knowledge on his part he had a right to trust to the capacity and vigilance of the officer to subject any legal estate the debtor might have.

The third paragraph was not good for the reason stated in the first part of this opinion. Appellee obtained judgment on the claims then mentioned in a justice's court, and had executions issued which were returned "no property". If appellee could, under any circumstances, be required to have execution issued from the clerk's office of the circuit court on these judgments it is not certainly required of him when it is not made to appear that anything could have been thus reached to satisfy the debts.

*Judge Hines delivered the following response to the petition for rehearing*:

The error in the first is, we think, in assuming that the assigned notes were taken as collaterals.

The petition as amended alleges that the notes were received as collateral security; that the plaintiffs were to account for any excess they might collect over and above the debt held by them, and that they would not bring any other suit on the notes executed by defendant to plaintiffs before July, 1879, the plaintiff to use due diligence in the collection, and the defendant was to pay 1 per cent. for collection.

These allegations are not denied in the answer. That this was not a payment pro tanto is too clear to admit of discussion, and that the claims assigned were as collateral is equally clear. *Lee's Adm'r v. Smead,* 1 Met. 628; *May v. Quimby,* 3 Bush 96. The case of *Green v. Cummins,* 14 Bush 174, has no application whatever, be-

cause the assignee of the notes in that case took them in part payment, and not as collateral security.

What was said in the opinion in reference to the Harp debt was based upon the supposition that it was referred to in the second paragraph of the answer. In this we were misled by the record. We find on close examination that it is in the first paragraph and not reached by the judgment sustaining the demurrer. This, however, does not affect the conclusion that the judgment of the court below is correct.

Petition for rehearing *overruled*.

*Nichols & Hawes, for appellant.   W. M. Smith, for appellee.*

[Cited, *Roberts v. Farmers' Bank*, 118 Ky. 80, 25 Ky. L. 2296, 80 S. W. 441.]