CASE 10—ACTION BY FARMERS' BANK AGAINST D. C. ROBERTS ON A NOTE.—APRIL 29.

# Roberts v. Farmers' Bank.

APPEAL FROM CRITTENDEN CIRCUIT COURT—J. F. GORDON, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

PLEDGES—COLLATERAL SECURITY—LIABILITY OF PLEDGOR.

A pledgee of a note assigned as collateral security is liable when, by the exercise of ordinary diligence, he could have collected the same at maturity, and not only failed to do so, but refused to turn it over to the pledgor, so that he might enforce payment, and in consequence thereof, the makers subsequently becoming insolvent, and removing from the State, the note became worthless.

A. C. MOORE, ATTORNEY FOR APPELLANT.

1. The holder of collateral paper, guilty of laches whereby the assignor is damaged, makes the paper his own, and he must account to the debtor for the sum, which he could have made by pursuing the maker of the paper with ordinary diligence. Shingler v. Hayden's Adm'r., 8 R., 859 to 865.

2. Ordinary diligence in collecting collateral securities is to file suit on the note, obtain judgment, and have execution issued thereon. Sandford v. Lowenthal & Co., 1 R., 357.

3. One who receives bonds and notes as collateral security for a debt is bound to use due diligence in their collection, and if lost through his negligence by insolvency of the maker, he is chargeable therewith. Nolan v. Clark, 10 B. Mon., 241; Day v. Kenton, 22 R., 1907.

CHAMPION & CHAMPION, FOR APPELLEE.

## SYNOPSIS.

1. In the absence of special circumstances which would ordinarily require a prudent man to take action, the holder of collateral is not liable for its loss, unless he deferred action so long that the debt would be barred by limitation.

Roberts v. Farmers' Bank.

### AUTHORITIES.

Third Bush, 678; Mauk v. Atlanta Trust Company, 113 Ga., 242: 38 Southeast 845; Briggs v. Day, 32 Am. State Rep., 704 and notes; Miller v. Gettysburg Bank, 34 Am. Dec., 449; Powell v. Henry, 27 Ala., 612; Willetts v. Hatch, L. R. A., Book 17, p. 194.

2. Where the note assigned is greater in value than the note to which it is collateral, it is the duty of the assignor to always look after the collection of the debt, and he ought not in the absence of special circumstances, to be heard to complain of the assignee's failure to sue upon the note.

3. Demurrer to answer was properly sustained as such demurrer did not admit the conclusions of the pleader.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action was instituted by the Farmers' Bank for the purpose of recovering judgment against D. C. Roberts on a note for the sum of $220, executed and delivered to it by him, and by which he agreed and promised to pay to it the principal, with interest, sixty days after its date. As a defense appellant alleged substantially the following facts as a counterclaim against appellee:

That at the time he executed and delivered the note sued on he assigned to appellee, as collateral security a note of S. C. Knight and D. C. Griffith for the sum of $1,000, with interest at six per cent. from the 30th day of April, 1902, until paid; that when the collateral fell due its makers were solvent, and paying their debts, and appellee, by the exercise of ordinary diligence, could have collected the amount due thereon from the payors; that he demanded of appellee that it turn over to him the collateral, so that he might sue upon it and enforce its payment, but appellee refused to surrender the note, or permit him to sue thereon; that more than a year had elapsed since the maturity of the note, and that in the meantime its makers had become insolvent, and moved out of the State; that by reason of

appellee's negligence in the premises the note had become wholly worthless and uncollectible. A general demurrer to this answer was sustained by the court, and, appellant declining to amend, judgment was rendered against him in accordance with the prayer of the petition, of which he is now complaining.

The question for adjudication is the liability of the pledgee of a note assigned as collateral security for failure to enforce its collection at maturity where the maker has become insolvent, entailing a loss upon the pledgor. Colebrooke, in his work on Collateral Securities (section 114), thus states the rule: "If, upon a pledge of negotiable collateral securities so as to convey the title thereto, the pledgee, because of his gross negligence, or by his tortious transfer of them or dealings therewith, fails to collect the same of the parties bound thereon when it might have been done, and the pledgor is injured, and the amount of the collateral paper lost, the pledgee is chargeable with the face of such collateral securities as in payment and discharge of the principal debt. Where the opportunity of collecting collateral bills or notes is lost by the insolvency of the parties thereto by reason of the supine negligence of the pledgee, when with ordinary care the same might have been enforced, the latter is liable to account for the full loss and damage of the pledgor. Such responsibility of the pledgee is limited to the actual loss." Section 115: "The pledgee of negotiable collateral securities, however, is not held to strict responsibility in proceeding at once, upon default, in the enforcement thereof. Mere delay in so doing is not sufficient to create any liability upon his part to the pledgor. Where there is no suspicion that the maker is embarrassed, and no request on the part of the pledgor that collection should be promptly made, the pledgee is not answerable for a subsequent actual loss."

In the Am. & Eng. Ency. of Law (2d Ed.) vol. 22, p. 899, it is said: "It is well settled that when a chose in action, such as a bond, or accepted order on a third person, is trans-ferred and delivered to the creditor as collateral security, it is the duty of the pledgee to use reasonable care and diligence to make such collateral available; that he is bound to use proper exertion to render its collection effectual for the purpose for which it was pledged; that, if necessary, he must bring an action against the maker of the collateral; and that, if through his negli-gence or wrongful act or omission the collateral is lost, he is accountable and liable to the pledgor in the same man-ner as the pledgee of goods and merchandise is liable to the pledgor if they are lost or destroyed through the pledgee's failure to give them the necessary protection and care." On page 903, Id., it is said: "Whether or not the pledgee of collaterals has used due diligence to collect them is a mixed question of law and fact. It is not for the court to deter-mine that due diligence has been used. It is the province of the court to instruct the jury what is due diligence, and for the jury to find whether due diligence has been used." In the case of Noland v. Clark, 10 B. Mon., 239, the rule is thus stated: "It is said that a person who receives bonds and notes as collateral security for a debt is bound to use due diligence, and, if they are afterwards lost, through his negli-gence, by the insolvency of the makers, he is charged with the amount. In the case of Bonta v. Curry, 3 Bush, 678, a note had been assigned as collateral security. Afterwards the assignor, becoming insolvent, made a general assignment for the benefit of his creditors. After the maturity of the collateral, the assignee in bankruptcy demanded of the hold-er of the collateral that it be turned over to him for collection, and warned him that, if he would neither surrender the

note, nor forthwith sue on it, he must take the risk, and would be held responsible for any loss which might result from his persistent inaction. The court said: "Now, although Vanarsdall's note did not pass to Harris by the deed of trust, and the appellant therefore was not bound to surrender it on the demand made, yet, as a trustee of ordinary faith and prudence, it was his duty, after that notice and warning by the appellee, to proceed without delay to collect the note by legal process; and it seems probable that, had he thus acted, he would have made the whole amount." Thereupon the judgment holding the assignee liable for laches in regard to the collateral was affirmed. In the case of Sanford v. Lowenthal, 1 Ky. Law Rep., 357, the rule was stated that the assignee of a note held as collateral was required to use due diligence in its collection. In the case of Shindler v. Hayden's Adm'r, 8 Ky. Law Rep., 859, in a well considered opinion of Judge Ward, wherein a great number of authorities are reviewed and commented upon, it is said: "Reason and the analogies of the law therefore concur in the rule as stated in Slevin v. Morrow, 4 Ind., 425, that the holder of collateral paper guilty of laches, whereby the assignor is damaged, makes the paper his own, and must account to his debtor on the principal debt for the sum which could have been made by pursuing the maker of the collateral paper with ordinary diligence."

We think the allegations of the answer, while not as direct and explicit as they might have been made, were sufficient to have aroused appellee, and put it upon inquiry as to the financial condition of the payors of the collateral it held, and, if true, show that the holder was guilty of at least ordinary negligence in refusing to institute proceedings to enforce the collection of the note, and under the rule

established by the authorities herein cited the demurrer should have been overruled.

Wherefore the judgment is reversed for proceedings consistent herewith.