CASE 9—ACTION BY JENNIE SMITH AGAINST THE COVINGTON & CIN-CINNATI BRIDGE CO. FOR PERSONAL INJURIES.—APRIL 29.

# Covington & Cincinnati Bridge Co. v. Smith.

APPEAL FROM KENTON CIRCUIT COURT—JAS. P. TARVIN, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

JURORS—DRAWING FOR EACH TERM—HOLDING OVER—CONTINUOUS SESSIONS.

It was improper for the trial judge of a court having continuous, sessions to select petit jurors for a certain month from names previously drawn from the wheel for previous months, instead of drawing new names from the wheel, as required by Ky. St. 1903, sec. 2243.

S. D. ROUSE, ATTORNEY FOR APPELLANTS.

### POINTS AND AUTHORITIES.

1. The court erred in refusing to discharge the jury panel present to try the case. Kentucky Statutes, 2243 to 2247; Curtis v. Com. Ky. Law Rep., 267; Stone v. Sanders, 106 Ky., 904.

2. The court erred in refusing to give peremptory instruction for defendant. Buswell on Law of Personal Injury, sec. 182; Beach on Contributory Negligence, 3d ed., 272; Am. & Eng. Ency. of Law, vol. 9, p. 388; Braberg v. Des Moines, 63 Iowa,

523; Cloughessey v. Waterbury, 51 Conn., 405; Chicago North-western R. R. Co. v. Weeks, 99 Ill. App.; Berger v. The City of New York. 73 N. Y. S., 74 and 65 App. Div., 394.

3. The verdict was against the evidence and the law.

4. The court erred in its instruction to the jury. Swope v. Shafer, 9 Ky. Law Rep., 150; L. S. R. R. Co. v. Hooe, 18 Ky. Law Rep, 521; Loving v. Warren county, 14 Bush, 320; Meaux v. Meaux, 81 Ky., 479; L. & N. R. R. Co. v. McCoy, 81 Ky., 403.

B. F. GRAZIANI, ATTORNEY FOR APPELLEE.

### AUTHORITIES CITED.

1. The court did not err in refusing to discharge the panel present to try the case. London & Lancashire Ins. Co. v. Rufer's Adm'r., 89 Ky., 525; Thompson & Merriam on Juries, sec. 258; State v. Brooks, 5 S. W. L. Rep., 264; Low's Adm'r v. Webster, 19 Ky., 1208.

2. The court did not err in refusing to give peremptory instruction for the defendant. Ashland Coal & Iron Co. v. Wallace, 101 Ky. Law Rep., 637; City of Carlisle v. Secrest, 25 Ky. Law Rep., 337; Dillon on Municipal Corporation, sec. 1007.

3. The verdict not against the evidence and the law. Dennler v. Rutherford, 17 Rep., 415; Ried v. McFarren, 17 Rep., 1181; Greene v. Anderson, 102 Ky., 216; Madisonville v. Pemberton's Adm'r., 25 Ky. Law Rep., 347; Flynn v. Town of Watertown. Adm'r., 25 Ky. Law Rep., 347; Flynn v. Town of Watertown, 5 Amer. Neg. R., 623; Fugate v. City of Somerset, 97 Ky., 53.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

The appellee, Jennie Smith, on the 21st day of January, 1902, about 6 o'clock p. m., with a companion, was walking over appellant's bridge from Cincinnati to Covington; and, when near the abutment on the Kentucky side, she slipped in the snow or ice, and fell, breaking her arm, for which she instituted this action to recover damages, alleging that her injury was caused by the negligence of appellant. The answer placed in issue the material allegations of the petition, with a plea of contributory negligence, which, being controverted, completed the issues. A trial resulted in a verdict in favor of appellee for the sum of $400, of which appellant now complains.

The only error in the record is that of the formation of the jury. Upon calling the case for trial, May 28, 1903, appellant moved the court to discharge the whole panel of the jury, and to summon a new panel, as by law required. This motion was overruled, and, in his opinion refusing a new trial, the court thus states the facts relating to the panel to which appellant had objected: "The jurors drawn and summoned and in attendance in April, 1903, held over, and from them and others drawn and summoned in May to fill vacancies, and one bystander, the jury to try this case was selected. It may be material to state that there was not reason for the failure to draw jurors for May, except that there was set for trial late in that month an indictment for murder, and it was known that for that trial many extra jurors would have to be drawn, and it appeared more convenient to draw the regular May panel at the same time of drawing the extra jurors, and, further, that there were very few other trials set, or to be set for that month. The April jurors were, in the opinion of the trial judge, exceptionally desirable, in point of intelligence and character, and the trial judge was glad to have them remain. It is certain that the defendant was not in any manner or degree prejudiced by the failure to draw jurors for May."

Sections 2243, 2247, Ky. St., 1903, are as follows:

"Sec. 2243. At each term of the circuit court, within one year after the commencement of that at which said commissioners were appointed, or in case of courts having continuous sessions during the first week of each month that the court is in session, within one year from the first of the month in which said commissioners were appointed, the judge of the court shall draw from said drum or wheel case a sufficient number of names to procure the names of twenty persons qualified, as hereinafter prescribed, to act as grand jurors,

Covington & Cincinnati Bridge Co. v. Smith.

and record the names of the twenty qualified upon paper, and certify and sign it, and shall also, after having locked and revolved or shaken said drum or wheel case, reopen it and draw therefrom the names of thirty persons to act as petit jurors, record their names on paper, certify and sign it, and he shall place said lists in separate envelopes, of good paper, and seal and endorse them, so as to show that the envelopes contain jury lists, and the month or term and year said jurors are selected for and date of selection, and sign his name across the seal of each and deliver them to the clerk of his court, at the same time administering to him and his deputies the oath above required of them; from the list of twenty names, the next grand jury shall be drawn, and from the list of thirty names the next petit jury shall be drawn as hereinafter directed. He shall destroy the slips on which are written the names placed on the lists as soon as said names are recorded on said lists, and if, in drawing the twenty grand jurors, the name of a person not having the qualifications of a grand juror be drawn, it shall be forthwith returned to the drum or wheel-case, and if at any drawing the name of a person temporarily disqualified is drawn, it shall be replaced in said wheel-case or drum; but if the name of any person permanently disqualified is drawn, the slip on which it is written shall be destroyed. Immediately after the judge has drawn said names from said drum or wheel case, he shall lock the same and deliver it and the aforesaid lists to the clerk as above directed. The judge, when he draws the jury, shall not permit any one to see any name, nor shall he divulge the name of any person drawn on any jury, except that the judge may require one of the commissioners to attend and assist him when he draws the jury and makes the list, if he deems it necessary."

Sec. 2247. The judge may, at any time during the term, when it is necessary, after the regular panel is for any reason exhausted, draw and select from the drum or wheel, other persons to act as grand or petit jurors, or he may, in his discretion, direct that such jurors be supplied from by-standers; and the court may, after the regular grand jury has been discharged during any term of court, im-panel a grand jury composed of by-standers, and may, in his discretion, fill vacancies in the grand jury from by-standers or by drawing from the drum or wheel. And the court, after the petit juries for the term have been selected and impaneled, may, in any action, proceeding or prosecution after said panel has been exhausted, direct the sheriff to supply from by-standers the place of one or more who may be hereafter excused by the court for good cause, or re-moved by the challenge of either party, or the judge may supply such jurors by drawing names from the drum or wheel as herein provided; and, when the judge draws such names, he shall name a list thereof and deliver the list to the sheriff, who shall forthwith summon them; provided, that should the court discharge during the term the whole of any panel, then their places shall be supplied by the judge drawing from the drum or wheel."

In the case of Curtis v. Commonwealth, 62 S. W., 886, 23 Ky. Law Rep., 267, the trial judge having drawn more jurors in the month of January, 1901, than were needed for that month, carried over a number of them as a part of the panel for February term, from which the jury in the case cited was selected. Upon appeal to this court, it was thus said of this action: "These men so selected may have been, and doubtless were, of the very best citizenship of the county, but they were not drawn impartially from the body of legally qualified jurymen of the county. The mode

provided by law for the selection of qualified and impartial jurymen was ignored, and the jury was selected by the judge of the circuit court himself. This was clearly erroneous. It may have been done with the very best of motives, but it was not the method provided by law, and should not have been done. This action in selecting and impaneling the petit jury being error, the question presents itself, can this court take cognizance of this error? It was then held that, under the provisions of section 281 of the Criminal Code, this court had no jurisdiction to reverse the case for the error under consideration. There is no similar provision in the Civil Code. The error of the circuit judge in the case at bar can not be distinguished from that in the case cited. The statutes quoted provide an elaborate system for the selection, monthly, in courts of continuous session, of impartial jurymen, fresh from the body of the people. If these provisions are enforced, each litigant is guaranteed that the best effort possible has been made to secure for the trial of his case an impartial jury. It is not believed that the requirements of the statute in regard to the selection of juries would have been set forth with such minute particularity and detail, if it had been intended that the court might nullify the manifest intention of the Legislature by ignoring them.

Wherefore the judgment is reversed for proceedings consistent herewith.