## WILLIAMS v. POWERS.
### No. 9273.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1943.

154

See, also, D.C., 2 F.R.D. 362.

Charles C. Spencer, of Chicago, Ill. (Herman A. Stockstill, of Toledo, Ohio, and Richard M. Spencer, of Chicago, Ill., on the brief), for appellant.

Joseph D. Stecher, of Toledo, Ohio (Yager, Bebout & Stecher, of Toledo, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

On October 16, 1939, about five o'clock in the afternoon, appellant Keith T. Williams, was driving a DeSoto Sedan at about forty miles an hour, east on U. S. Highway 20, near Fayette, Ohio. The road on which he was driving was straight and twenty feet wide. He saw appellee's car parked on the north shoulder of the highway headed east when he was approximately 300 feet from it, and a car coming west near appellee on the highway. After the westbound car had passed, appellee started slowly across the highway, and appellant who at that time was approximately 100 feet away, blew his horn and when he got within 50 or 60 feet of appellee's car, stepped on his brakes lightly and attempted to pass appellee's car on appellant's right or south side of the road, going over on the shoulder of the road in the attempt.

At that time appellee's car, which was in low gear and traveling at a speed of from four to five miles an hour, was three-fourths across the road and the right front side of his car and the rear of appellant's car collided turning the latter car over and injuring appellant.

Appellee's car was a 1937 Chevrolet four-door sedan with a trailer hitch consisting of a box four feet wide and seven feet long on two wheels, and at the time of the accident it was being used by appellee to haul soy beans out of a field on the south side of the road for storage on the north side. Appellee did not see or hear appellant's car approaching until the accident, although he said he looked west after a light truck which was traveling west had passed him, but he saw no car coming. The jury returned a general verdict for the appellee.

The points assigned by appellant which have been argued at bar present for consideration the following questions:

1. The correctness of the charge to the jury in connection with contributory negligence, which was offered by appellee: "In that connection I charge you ladies and gentlemen of the jury, that Section 12603 of the General Code of Ohio provides

that 'no person shall drive any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the assured clear distance ahead,' and any person who violates this provision of law is guilty of negligence per se. If you find that the plaintiff, Williams, violated said provision of law, then Williams was guilty of negligence, and if such negligence directly or proximately caused or contributed to the collision between his automobile and the defendant's automobile, he, Williams, can not recover, and your verdict must be for the defendant Powers."

2. The refusal of the court to instruct the jury at the request of appellant as follows:

"The Court instructs you that Section 6310-28 and Section 6310-29 of the General Code of Ohio provide as follows:

" 'Sec. 6310-28. "Right of way" means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.'

" 'Sec. 6310-29. A vehicle joining the flow of traffic on a road or highway from a standing position, an alley, a building, or private property shall yield the right of way to all other vehicles.'

"Under these Sections, a traveler on a highway, who is proceeding in a lawful manner, has the right of way and is entitled to proceed uninterruptedly in preference to vehicles coming onto said highway.

"If you believe from the evidence at the time the defendant Powers entered the highway the plaintiff Williams was driving his automobile upon the highway at a lawful and reasonable rate of speed and at a rate of speed not greater than would have permitted him to bring the automobile to a stop within the assured clear distance ahead, and if you further believe from the evidence that the plaintiff was traveling on the highway in a lawful manner, then the Court instructs you that the plaintiff had the right of way upon the highway."

\* \* \*

"If you find from the evidence that plaintiff Williams was proceeding upon the highway in a lawful manner, then the Court instructs you that plaintiff Williams had the right of way upon the highway over the defendant Powers."

Appellee insists that appellant has waived the errors on which he now relies because of his alleged failure to comply with the Rules of Civil Procedure, Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The rule in question provides that at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth therein. It is the duty of the court to rule upon the requests prior to the argument of counsel to the jury. The rule also provides that no party may assign error in regard to instructions to a jury unless he objects to such instructions or the failure to give requested instructions before the jury retires, stating distinctly the matter to which he objects and the grounds of his objection.

Appellee, defendant below, filed with the court a written request that it charge the jury on Section 12603 of the General Code of Ohio and in its charge, the trial court adopted appellee's request. At the conclusion of the court's charge, and before the jury retired, in response to an inquiry by the court to counsel, appellant's counsel stated "I desire an exception, however, to Section 12603 of the General Code." The court interrupted and before counsel could make any further statement, said, "You may do that in the absence of the jury." Nothing appears in the bill of exceptions as to what occurred subsequently.

After the jury retired and deliberated for a time it returned to the jury box and addressed a written communication to the court, the contents of which are not in the record, but which were read by counsel for the parties. Thereupon, the court repeated its charge in relation to Section 12603 of the General Code and the jury again retired. Appellant made no objection to the court's second charge.

After the jury had returned its verdict, appellant filed the affidavits of his attorneys in which each stated that after the evidence in the cause was concluded and before the charge to the jury, the attorneys for the respective parties went to the chambers of the presiding judge and presented reasons for their requested instructions and their objections to the requests of the opposing party and that the judge overruled appellant's request and sustained appellee's request insofar as the latter asked the court to charge that a

violation of Section 12603 of the General Code would constitute contributory negligence per se. These affidavits were filed in support of appellant's motion to have the bill of exceptions include what had transpired in the judge's chambers. The court overruled appellant's motion to amend the bill of exceptions and appellant now insists that we consider the statements contained in the respective affidavits as a part of the record. No motion appears in the record to amend the bill of exceptions and there is no error assigned to the ruling of the trial court on this matter. Therefore, we cannot give consideration to the affidavits.

There appears in the record a statement by the trial judge that before the jury retired the attorneys for the respective parties discussed with him in chambers the requests of each of them, and at the conclusion of this discussion the trial judge denied all of appellant's requests and all of appellee's requests except appellee's request that the court charge the jury that a violation by appellant of Section 12603 of the Ohio General Code constituted contributory negligence per se.

Rule 46 of the Rules of Civil Procedure modifies the previous practice of formal exceptions to rulings or orders of the court and makes it sufficient for review that a party at the time the ruling or order of the court is made or sought, makes known to the court, the action which he desires the court to take or his objection to the action taken and his grounds therefor.

**■** Rule 51 should be read in conjunction with Rule 46. The purpose of these rules is to inform the trial judge of possible errors, that he may have an opportunity to consider his rulings and if necessary to correct them, and where it appears in the record that the point urged on appeal was called to the attention of the trial court in such manner as to clearly advise it as to the question of law involved, that is sufficient. Sweeney v. United Features Syndicate, 2 Cir., 129 F.2d 904; Hall v. Ætna Life Insurance Company, 8 Cir., 85 F.2d 447, 451. In our opinion we should consider the objection of appellant to the instruction given.

Appellee insists that, assuming there was no error in the court's charge as to appellee's negligence and that there were only two issues in the case, negligence and contributory negligence, the verdict of the jury being general, the so-called "Two-Issue Rule" as defined in Sites v. Haverstick, 23 Ohio St. 626, and Knisely v. Community Traction Company, 125 Ohio St. 131, 180 N.E. 654, applies here.

**■** The power to prescribe the practice, pleadings, forms and modes of proceeding in the courts of the United States is lodged in the Congress and this power cannot be abrogated or diminished by the states without the consent of the lawmaking power of the central government. The Congress has the right to delegate to the Supreme Court and other Federal courts authority to make rules not inconsistent with the Statutes or Constitution of the United States governing the rules of practice and procedure in the Federal courts. Sibbach v. Wilson & Company, Inc., 312 U.S. 1, 655, 61 S.Ct. 422, 85 L.Ed. 479; Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224; Nudd v. Burrows, 91 U.S. 426, 23 L.Ed. 286; McElwee v. Metropolitan Lumber Company, 6 Cir., 69 F. 302; Herron v. Southern Pacific Company, 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857.

**■** In our opinion the Ohio rule impinges on the rules of Civil Procedure, Rule 49(a) and (b) and has no application here. Victor American Fuel Company v. Peccarich, 8 Cir., 209 F. 568; Spokane & I. E. R. Company v. Campbell, 9 Cir., 217 F. 518.

**■■** Appellee urges that appellant invited one of the alleged errors of which he now complains by requesting the trial court to charge the jury that the law imposed on appellant the unqualified obligation of driving "at a rate of speed not greater than would have permitted him to bring the automobile to a stop within the assured clear distance ahead."

The weakness in appellee's contention is found in the fact that he ignores appellant's requests as a whole and refers only to a part of a paragraph in one of them. As we view it, each part of appellant's requests must be considered in connection with the others of the series referring to the same subject and connected therewith. When appellant's requests are taken together, it is clearly shown that he was asking the court to instruct the jury on the application of the Ohio General Code relating to the law of the right-of-way and the isolated or detached clause of the requests on which appellee relies, as estoppel was inapplicable except when considered in connection with the balance of the requests.

Under these circumstances, we conclude there is no estoppel here.

The crux of appellant's objection to the court's charge lies in the construction of Section 12603 of the Ohio General Code, which inter alia provides "No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead." The Ohio Supreme Court has construed this Section as a specific requirement of law, a violation of which constitutes negligence or contributory negligence per se. Gumley, Admr. v. Cowman, 129 Ohio St. 36, 193 N.E. 627; Skinner v. Pennsylvania R. Co., 127 Ohio St. 69, 186 N.E. 722. The Ohio Supreme Court has also decided that a person charged with a violation of this statute may offer proof in extenuation of his failure to observe its standard and that he will be excused if it is shown that the "clear distance ahead" is suddenly cut down or lessened, without his fault, by the entrance therein and into his path or line of travel of some obstruction which renders him unable in the exercise of ordinary care, to avoid colliding therewith. Smiley v. Arrow Spring Bed Company, 138 Ohio St. 81, 33 N.E.2d 3, 133 A.L.R. 960; Kormos v. Cleveland Retail Credit Men's Company, 131 Ohio St. 471, 3 N.E.2d 427.

In the case at bar, the trial court, after giving the usual charge on contributory negligence with the preface of "in that connection," read Section 12603 as a part of his charge, and stated to the jury that if the appellant violated this Statute he was guilty of negligence per se and could not recover, if in the opinion of the jury, such violation was the proximate cause of appellant's injuries. The court gave no instruction under what circumstances, if any, appellant would be excused for his failure to observe standards of the statute in question.

█ In charging a jury, the employment of the language of a statute is insufficient where the statute requires interpretation to make its meaning clear and applicable to the facts and such interpretation is for the court and not for the jury.

The evidence in the record for appellant shows that when he first saw appellee's car, it was about three hundred feet away and on the shoulder of the road and that appellee did not start across the road until appellant was within approximately one hundred feet of him. There is no evidence in the record that appellant had the slightest notice that appellee intended to move his car across the road into the path of appellant's car until he started. The road was straight and the statute in question became operative only when appellee's car had cut down appellant's assured clear distance ahead.

█ Viewing the case from appellant's evidence, he was, by the negligence of appellee, suddenly placed in an emergency and compelled to act instantly in an effort to avoid a collision or injury. Under these circumstances, appellant was required to make such choice as a person of ordinary prudence placed in his position might have made even though it was neither the wisest choice nor one that would have been re-quired in the exercise of ordinary care except for the emergency.

█ The determination of whether appellant violated the statute in the first instance, as well as whether he was excused from complying with it, were questions of fact that should have been left to the jury under appropriate instructions. The charge of the court without modification or explanation was undoubtedly prejudicial to appellant. After the jury had retired and deliberated, it returned to the jury box and requested the court to further explain to it the applicability of the "assured clear distance" statute. After this was done the jury returned its verdict for appellee.

Since the case must be retried, it is perhaps advisable to say that appellant's complaint of the court's failure to give the requested charges submitted by him is without merit.

█ The oral charge of the court on the negligence of appellee was as full as appellant's complaint and to this extent the charge was adequate, and to the charge in this particular, appellant made no objection. The record shows that appellant requested charges but the record is barren of any objection or exception appellant made to the failure of the court to charge as requested. Under the express provisions of Rule 51 of the Rules of Civil Procedure, supra, appellant is prohibited from urging the error, if any. Reeve Bros. v. Guest, 5 Cir., 131 F.2d 710. However, we have carefully considered appellant's rejected requests and conclude that the trial court's refusal to give them was proper. In sub-stance the charge construes Sections 6310-

28 and 6310-29 of the Ohio General Code as giving appellant an unqualified right-of-way over appellee with the exception that appellant must have been driving his automobile at a reasonable rate of speed within the "assured clear distance" rule. The statute only gave him a preference, conferring on him a privilege not to be exercised in total disregard of the rights of others. Heidle v. Baldwin, 118 Ohio St. 375, 161 N.E. 44, 58 A.L.R. 1186. The gravamen of appellant's complaint was all possible elements of negligence taken together and likewise the basis of appellee's defense was a general charge of contributory negligence.

Under the state of the pleadings the court was not required to single out items of statutory negligence and emphasize these statutes by special instructions. Illinois Central Railroad Company v. Sigler, 6 Cir., 122 F.2d 279.

Judgment reversed with directions to award appellant a new trial and for further proceedings not inconsistent with this opinion.