250 P.2d 586

**COCA COLA BOTTLING CO. OF FLAG-STAFF v. JONES.**

No. 5552.

Supreme Court of Arizona.

Nov. 24, 1952.

394

Mangum & Flick, of Flagstaff, for appellant.

Platt & Greer, of St. Johns, for appellee.

STANFORD, Justice.

The Coca Cola Bottling Co. of Flagstaff, defendant in the lower court, and hereinafter referred to as appellant, appeals from a judgment of the court for $1,000 in favor of Hyrum Jones, plaintiff below, and hereinafter referred to as appellee, and from an order of the trial court denying its motion for a new trial.

Appellee sued to recover for injuries sustained by him as a result of drinking from a bottle of coca cola alleged to be contaminated on account of foreign matter contained therein. We will not set forth the facts leading up to and concerning the injury in detail as they are not pertinent to the assignments of error.

We feel it desirable to set forth the appellant's assignments of error, numbers I and II:

"I

"The trial court erred in denying appellant's motion for a mistrial during the voir dire examination of jurors, for the reason that the jury panel was not regularly drawn in accordance with constitutional requirements and the provisions of the statute.

"II

"The trial court erred in denying appellant's motion for a new trial after the entry of judgment, for the reason that said motion properly challenged the court's attention to the irregularity in keeping the jury panel on call for a full year, thereby violating constitutional requirements, and depriving the appellant of a fair trial."

It appears that appellant had been a defendant in a similar case, but with a different plaintiff, which was tried in December, 1949 in the Superior Court of Apache

County. The instant case was tried in December, 1950. Seven of the twenty jurors constituting the panel for the present action had served as jurors in the first trial. When this fact was discovered on voir dire examination by counsel for appellant, he challenged the panel for cause and also individually challenged the seven jurors who sat on the last jury case wherein the same party was the defendant. All challenges were denied by the trial court. Of the seven jurors mentioned above, two were removed by peremptory challenges by appellee, and two others by the appellant, thereby leaving three of such jurors to sit on the jury which tried this case.

▇ Appellant contends that the action of the trial court in holding over the same jurors for a period of one year was in violation of Art. VI, Section 6 of the Arizona Constitution which reads in part:

"* * * For the determination of civil causes and matters in which a jury demand has been entered, and for the trial of criminal causes, a trial jury shall be drawn and summoned from the body of the county at least three times a year."

While this provision of the Constitution is not self-executing, it has been implemented by the Rules of Civil Procedure adopted by this court. Rule 40, appearing as section 21–914, A.C.A.1939, states in part:

"* * * A trial jury shall be call-at least three (3) times in each year, at such times as the presiding judge of

the court may direct, *unless there be no cases pending, in which a jury is necessary.*" (Emphasis supplied.)

In adopting the rule this court was realistically recognizing that in several counties of the state which have a small population, there are but few cases tried to a jury during the course of a year. Hence the resident judge is given wide latitude as to just when a jury shall be called to be in attendance upon the court. Obviously it would be a useless expense to the taxpayers and a great inconvenience to the citizenry to call a jury venire at set intervals if there were "no cases pending, in which a jury is necessary." It should also be remembered that when necessary jurors can be quickly procured under section 37–115, A.C.A.1939, governing the calling of a special venire.

The point raised by appellant that its rights had been violated by the holding over of these jurors is one of first impression in this jurisdiction, and there are few cases to be found in other states on this point.

Appellant cites two Kentucky cases in support of his contention. Covington & C. Bridge Co. v. Smith, 118 Ky. 74, 80 S.W. 440, and Louisville & N. R. Co. v. Messer, 165 Ky. 506, 176 S.W. 1200. In the first case cited above it appears that the statutes of Kentucky provide for a new panel each month during the term of court and the trial court in that instance held over the April panel and tried the instant case dur-

ing the month of May. On appeal, the only error assigned is that of the formation of a jury. We quote from that decision [118 Ky. 74, 80 S.W. 441]:

" 'These men so selected may have been, and doubtless were, of the very best citizenship of the county, but they were not drawn impartially from the body of legally qualified jurymen of the county. The mode provided by law for the selection of qualified and impartial jurymen was ignored, and the jury was selected by the judge of the circuit court himself. This was clearly erroneous.' * * * The statutes quoted provide an elaborate system for the selection, monthly, in courts of continuous session, of impartial jurymen, fresh from the body of the people. If these provisions are enforced, each litigant is guarantied that the best effort possible has been made to secure for the trial of his case an impartial jury. * * *"

 It is correctly contended that some of the purposes of the constitutional provision and the rule quoted above, are to distribute the burden of jury duty on as many persons as possible and to assure that jurors will be available at all times so that litigants in civil cases, and defendants in criminal matters, may have a speedy trial. The law contemplates that the parties are entitled to a fair and impartial trial, and calling of a new panel three times a year, when court business justifies it, assures jurors fresh from the citizenry. Furthermore, it appears to us that the above constitutional provision impliedly limits a juror's service, at any one time, to a four-month period.

We hold that if jurors have served, or been upon call for service, for a period of four months from the date they first report for duty, and thereafter a case in which a jury has been demanded is called for trial, the superior court must order the drawing of a new venire. However at the end of a biennial period, following the general election, the statute, Secs. 37–106, and 37–107, A.C.A.1939, requires that the Board of Supervisors, on or before January 20th in such year, must prepare a new list of those persons qualified and liable for jury service and file same with the clerk of court. After the receipt of this new list, then—irrespective of the length of service of jurors presently serving—new jurors drawn from the latest list must be seasonably called to replace them. This is to be done in such a manner as to cause no interregnum in the functioning of the courts.

The question raised here is entirely different from that raised in the case of State v. Pelosi, 68 Ariz. 51, 199 P.2d 125.

 Appellee further contends that appellant's challenge to the panel was not valid because there is no provision in our statutes for such a challenge in a civil case. It is quite true that our statutes do not provide for a challenge to the panel in civil

cases, but we cannot agree with appellee's conclusion that therefore such a challenge does not exist in this jurisdiction. 31 Am. Jur., Jury, Section 75, page 610, says:

"A challenge to the array or panel may be made and sustained in a civil or criminal case for such a prejudicial defect or irregularity in the selecting and summoning of jurors as affects the integrity of the entire panel. This practice is settled at common law, and in the absence of any statutory or constitutional provision upon the subject in conflict with the common-law practice, the rule of the common law authorizing a challenge to the panel or array should be allowed. * * *"

See, Jones v. Woodworth, 24 S.D. 583, 124 N.W. 844.

By statute, Section 1–106, A.C.A.1939, we have adopted the common law where it does not conflict or is not inconsistent with our statutes or Constitution.

 We hold that it was prejudicial error for the trial court to deny appellant's challenge to the panel or array, inasmuch as the jury was not lawfully constituted.

Judgment reversed and cause remanded for a new trial.

UDALL, C. J., DE CONCINI and LA PRADE, JJ., and HENRY C. KELLY, Superior Court Judge, concurring.

NOTE: Justice PHELPS being unable to take part in the case, the Hon. HENRY C. KELLY, Judge of the Superior Court of Yuma County, participated in his stead in the determination of this appeal.