253 P.2d 891

**MORAN v. JONES et al.**

No. 5612.

Supreme Court of Arizona.

Feb. 19, 1953.

Rehearing Denied March 24, 1953.

Richey & Herring, of Douglas, for appellant.

Holmes & Morrison, of Tucson, for appellee Powers.

Clifford R. McFall, Wilbert E. Dolph, Jr., of Tucson, for appellee Jones.

UDALL, Justice.

Jose Juan Moran, plaintiff-appellant, brought a tort action against defendants-appellees, Donald R. Jones and William R. Powers, for damages suffered as a result of the alleged negligence of the defendants in connection with an automobile collision occurring on the highway between Sonoita and Patagonia, in Santa Cruz County, on October 29, 1950. The jury returned a

nine to three verdict in favor of the defendants, and judgment was entered thereon. A motion for a new trial, based upon the matters urged on this appeal, was denied and the matter is now before us for review. We shall hereafter refer to the parties as plaintiff and defendants.

No reporter's transcript of the proceedings had at the trial has been furnished, and to determine the two assignments of error, which deal only with the manner of impaneling and selecting a jury to try the case, it is not necessary for us to make a further recitation of the facts with reference to the accident.

Specifically the plaintiff (appellant) assigns that the trial court erred in (1) ordering (over his objection) 24 jurors to be called and qualified into the panel from which the jury of 12 was to be selected, and (2) in allowing each of the defendants four peremptory challenges. As a matter of law it is contended that this action was contrary to the plain provisions of the statute and violated his constitutional guaranty of "trial by jury" in that a jury formed in such a manner was not a lawfully constituted jury.

On the other hand the defendants maintain: (a) that the plaintiff made no objection during the trial proceedings to any claimed error or irregularity in the manner of selecting the jury, and hence is now foreclosed from basing an assignment of error thereon; (b) that under the statute each defendant was entitled to four peremptory challenges, where, as here, the interests of the co-defendants were adverse or antagonistic; (c) a party is not entitled to a trial by any particular jury, but merely by one which is fair and impartial; (d) in the absence of a showing of prejudice, the exercising of peremptory challenges in excess of the legal number is not reversible error; and (e) that plaintiff waived any objection he may have had to the manner of selecting the jury and the allowance of peremptory challenges, by later resisting the defendants' motion to declare a mistrial when the matter of insurance crept into the evidence during the course of the trial.

We shall treat these contentions in such order as seems best.

### The Statutory Right

Section 37–121, A.C.A.1939, gives parties to a civil action certain peremptory challenges and provides for the manner of challenging as follows:

"In a civil action either party may challenge the jurors, but when *there are several parties on either side, they shall join in a challenge before it can be made.* The challenges shall be to individual jurors, and shall either be peremptory or for cause. Each party shall be entitled to four (4) peremptory challenges." (Emphasis supplied.)

The general rule, recognized by defendants to be the weight of authority, which we hold is the correct one, is that

"* * * where there are several plaintiffs or several defendants, * * * all on one side constitute but one party and are entitled only to the number of peremptory challenges allowed a single plaintiff or defendant; * * * statutes giving to 'each party' a certain number of peremptory challenges are generally. so construed. * * *" 50 C.J.S., Juries, § 281.

This is true under our statute even though the several defendants or several plaintiffs are antagonistic and adverse in their positions, since the exercise of a peremptory challenge in civil cases is purely a right or privilege granted by statute and our statute makes no exception where their interests are adverse. Cf. Colfax National Bank v. Davis Implement Co., 50 Wash. 92, 96 P. 823; Crandall v. Puget Sound Traction, Light & Power Co., 77 Wash. 37, 137 P. 319; Switzler v. Atchison, T. & S. F. Ry., 104 Cal.App. 138, 285 P. 918. We hold that the action of the court in allowing each defendant four peremptory challenges was error.

### Failure to Object

■■ While the right to a trial by jury is a most substantial right, it may be waived by a failure to demand it, Rule 38(d), Rules Civ.Proc., Sec. 21–910, A.C.A.1939. A fortiori, a failure to timely object to the manner in which a jury is being impaneled would constitute a waiver of the irregularity. 50 C.J.S., Juries, § 250.

It is admitted that the plaintiff did not in open court register an objection to granting each defendant four peremptory challenges. However, the record before us does show that the court ordered 24 jurors into the box and allowed a total of eight peremptory challenges to the defendants, upon the theory that their interests were antagonistic and that under the statute they were entitled to this number of challenges.

■ By his failure to protect his record the plaintiff has experienced great difficulty in bringing before us what he claims transpired in chambers in the presence of the court and counsel but in the absence of either the Clerk or a court reporter. In the trial court the plaintiff filed a petition to amend the record to show what he claims occurred in chambers, and at the same time he requested of opposing counsel an admission of such facts. After a hearing on the matter the trial court granted a motion to strike the request for admission of facts, and also denied the plaintiff's petition to amend the record. The rulings of the trial court on the motion and petition were not assigned as error. After the appeal reached this court the plaintiff similarly filed a petition to amend the record and for permission to file a supplemental abstract. We reserved a ruling on the last petition. It appears to us that it would be unwise and unfair, and would establish a dangerous precedent for us to undertake to settle a controversy between counsel as to whose

affidavit is to be believed in matters that allegedly occurred in the lower court, of which no record was made. We hold that no such burden will be assumed by this court, hence the affidavits will not be considered.

We do have properly before us a transcript of the proceedings had in court when the motion to correct the record was denied. Ignoring the statements of counsel appearing therein, there is a basis for the determination of this appeal in the following statement of the learned trial court as to what actually occurred. We quote:

"* * * I do know we had a discussion. I do know that counsel for the plaintiff contended that the defense was entitled to only four, and I do know that after we discussed the matter I got the impression that 24 should be called, and I will state further that no formal objections were made in chambers, and that I anticipated the plaintiff making an objection in the court-room. That, in effect, states that you have not acquiesced.

"Mr. McFall: And you made no ruling on it.

"The Court: No, I made no ruling. I think he objected in his discussions, but no formal objection." Trans.Proceedings (9–29–51) 13, 5–18.

The crucial question presents itself: do the acts indicated constitute a sufficient objection under the rules and the authorities upon which to base an assignment of error?

A rather similar situation arose in the case of Williams v. Powers, 6 Cir., 135 F.2d 153, 155. There counsel claimed to have objected to one of opponent's offered instructions but, admittedly, no statement setting forth distinctly the matter objected to and the grounds therefor was made in court as required by Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. Counsel began to make the required objection when the court interrupted and told counsel the objection could be made "in the absence of the jury."

The appellate court took cognizance of what transpired in chambers by referring, as follows, to a statement by the court appearing in the record, holding, on the basis of the statement that they could properly consider the objection:

"There appears in the record a statement by the trial judge that before the jury retired the attorneys for the respective parties discussed with him in chambers the requests of each of them, and at the conclusion of this discussion the trial judge denied all of appellant's requests and all of appellee's requests except * * *."

The court treated this as an objection on the authority of Rule 46 of the Rules of Civil Procedure, which we have adopted, stating:

"Rule 46 of the Rules of Civil Procedure modifies the previous practice of formal exceptions to rulings or orders of the court and makes it sufficient for review that a party at the time the ruling or order of the court is made or sought, makes known to the court, the action which he desires the court to take or his objection to the action taken and his grounds therefor."

It cannot be gainsaid that the question as to the number of peremptory challenges to which the parties were entitled was discussed in chambers. The defendants *sought* four peremptory challenges each and the plaintiff opposed them. The pertinent part of Rule 46, Rules of Civil Procedure, Sec. 21–936, A.C.A.1939, states:

"Exceptions unnecessary.—Formal exceptions to rulings or orders of the court are unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made *or sought,* makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; * * *." (Emphasis supplied.)

From the statement of the trial court, quoted supra, it manifestly appears that the court let counsel know in chambers the course it had charted, for immediately the Judge upon taking the bench directed the clerk to call a panel of 24 jurors (rather than 20) to the box for their voir dire examination. While we do not approve the loose practice of not having a proper record made, it does appear that counsel for the plaintiff had made clear his position, had lost, and did not consider it essential to reiterate his insistence upon a position which the judge had just considered and decided adversely to him. Cf. Keen v. Overseas Tankship Corp., 2 Cir., 194 F.2d 515. Under the peculiar facts of this case we hold that a sufficient objection to the proposed manner of impaneling the jury was made.

### Prejudice

There being a sufficient objection the question is whether the plaintiff was prejudiced, as a matter of law, by the court's error, and entitled thereby to a new trial, or, as the defendants urge, must the plaintiff go further and show actual prejudice?

This court decided the effect of an improperly impaneled jury in the case of State v. Thompson, 68 Ariz. 386, 206 P.2d 1037, 1039. Three jurors served who had been peremptorily challenged by defendant. As we said in that case:

"The Constitution of Arizona, article 2, sections 23 and 24, guarantees to every person charged with a criminal offense the right to trial by jury, and this means not only a fair and impartial jury but one lawfully constituted. This is a most substantial right, * * *. While it is true that there is no constitutional right to peremptory challenges in this state, it being purely legislative in origin * * * still this

is a substantial rather than a mere procedural or technical right and should be fully enforced as an aid in securing an impartial jury. Olympic Realty Co. v. Kamer, 283 Ky. 432, 141 S.W.2d 293.

\* \* \* \* \* \*

"\* \* \* The right to peremptorily challenge jurors is an absolute right, and when this right is lost *or impaired,* the statutory conditions and terms setting up an authorized jury are not met. \* \* \*" (Emphasis supplied.)

A party is entitled to a fair and impartial jury, and as an incident of that right, is entitled to a jury lawfully constituted. To deny this is to deny a substantial right within the meaning of the statute authorizing new trials. Section 44–2005, A.C.A.1939. We recently held that a trial before a jury, after a four-month period of service had expired, was prejudicial error without showing actual prejudice, as the jury was not lawfully constituted. Coca Cola Bottling Co. of Flagstaff v. Jones, 74 Ariz. 393, 250 P.2d 586. Therefore, we hold that (a) the jury in the instant case was not lawfully constituted, and (b) the error of the trial court was prejudicial as a matter of law, the plaintiff having been denied a substantial right when the court granted the defendants twice the number of challenges allowed by law.

## Waiver

Defendants urge that as plaintiff opposed a motion for a mistrial after the question of insurance was injected into the case he has waived any objection that the jury was unlawfully constituted.

We find no merit in this contention for while it is true that a right may be waived by "the doing of some things inconsistent with the existence of the right or his intention to rely upon it", Southwest Cotton Co. v. Valley Bank, 26 Ariz. 559, 227 P. 986, 988, the inconsistent conduct or statements must relate to the right that is waived. There is no relationship or connection whatsoever between the defendants' motion for a mistrial and the plaintiff's assertion that the jury was not lawfully constituted.

Judgment reversed with directions to grant a new trial.

STANFORD, C. J., and PHELPS, J., concur.

WINDES, Justice (dissenting).

Unfortunately, I am unable to agree with the majority opinion herein.

The sole question presented is whether the court committed reversible error by calling twenty-four jurors and allowing each of the defendants the statutory peremptory challenges. It must be conceded there was no formal objection to the action of the trial court. It must also be conceded that under the provisions of Rule 46, Rules of Civil Procedure, Section 21–936, A.C.A.1939, objection must be made before one is entitled to be heard in this court.

Appellant, in attempting to show such objection as a foundation for his appeal, moved in the court below to amend the record, which motion was denied. He then moved in this court to correct the record and supported his motion by affidavits, which motion is by this court properly denied. It is conceded that all we have before us from which may be gathered an objection to the action of the court is the trial court's statement as to some informal discussion in chambers between court and counsel. In holding that the statements of the trial judge concerning what transpired in chambers meets the requirements of Rule 46, supra, and constitutes a basis upon which to predicate an appeal, the court quotes a portion of such statement. For a more complete presentation of the record there should be added to the quotation the following statements of the trial judge:

"I am not going to change the record in the case. The record speaks the truth. It is actually what happened, that is, the record as made. * * * I do remember that it was injected in the case by counsel when someone said, 'How many should be called in the jury box?' and I listened to counsel, and I recall that *we* more or less decided to call 24, and anticipated that if it was not the correct number you would make an objection and we would look into it at the time. * * * I knew I was going to look into that aspect of it

when and if objection was made at the time the jury was actually called into the box. * * * *I know that I didn't rule upon it.* I, in the courtroom, selected the Code section and had it marked, anticipating that there would be some objections and that I would study it. I didn't look at any books prior to going in there. I think it came up spontaneously. * * * My impression from our discussion was that that was the number to be called, and I felt that I would hear counsel on it if you made a formal objection. * * * I don't know what impression you got from what took place. I thought 24 was the number of jurors to be called, and thought if you later decided to make a record on it or *change your mind,* I would consider it, and I was prepared to consider arguments on it." (Emphasis supplied) Transcript of Proceedings, September 29, 1951.

It seems quite clear from the above that the court never did, nor was it ever called upon to make a final ruling on the question. It was plainly left open for future consideration, deliberation and ruling in the event counsel decided to, as the court says, "change your mind" and make a record on it.

In reversing this case the court has lost sight of and ignored the fundamental purpose of Rule 46, which is well stated in.

Volume 5, Moore's Federal Practice, 2d ed., page 1902, as follows:

"* * * (1) to apprise the court of the litigant's position so that the court in the furtherance of justice might correct its ruling where shown to be in error; and (2) to permit an opponent to obviate the defect where possible. * * * It is still necessary for the party to make it clear to the court that he objects to the court's action, and to state the grounds on which he bases his objection, in order that the defect may be obviated, if possible, * * *."

Such a record as we have before us shows indisputably that the trial court was given no opportunity to intelligently consider the matter. The plaintiff made no protest that called for such consideration. The judge said (which is the only record we have) that if his action had been questioned he would have gone into the matter. The holding that error may be based upon such an informal discussion in chambers opens an avenue for the entrapment of both the judge and the opposing counsel. If error was committed, certainly no opportunity was given either court or counsel to obviate the same, which is the basic reason for the enactment of Rule 46. In Bucy v. Nevada Construction Company, 9 Cir., 125 F.2d 213, 218, the court pointed out the object of this rule in the following language:

"* * * As pointed out in the discussions of Rule 46, the function of an exception was to bring pointedly to the attention of the trial judge the importance of the ruling from the standpoint of the lawyer and to give the trial judge an opportunity to *make further reflection* regarding his ruling. Proceedings of Institute, Washington, D.C., 1938, p. 87. In justifying the rule it was stated 'the exception is no longer necessary, if you have made your point clear to the court below.' Proceedings of Institute, Cleveland, 1938, p. 312. 'But of course it is necessary that a man should *not spring a trap on the court* * * *, so the rule requires him to disclose the grounds of his objections fully to the court.' Proceedings of Institute, Washington, D.C., 1938, p. 124; see also p. 87." (Emphasis supplied.)

Again in Monaghan v. Hill, 9 Cir., 140 F.2d 31, 33, we find this statement:

"Appellee bases his motion on Rule 46 of the Federal Rules of Civil Procedure: * * * The purpose of informing the court of supposed error is to give it an opportunity to reconsider its 'ruling and to make any changes deemed advisable, * * *."

A reversal of this case gives the plaintiff a gratuitous new trial without his having properly presented the matter to the lower court. The judgment should be affirmed.

LA PRADE, J., concurs in the dissent of Judge WINDES.