376 P.2d 857

**Charles W. DEERING, a minor, by and through his next friend, and father, Odell Deering, Appellant,**

v.

**Mae CARTER, Appellee.**

No. 6959.

Supreme Court of Arizona,

En Banc.

Dec. 12, 1962.

**330**

Merchant, Parkman, Miller & Pitt, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, Tucson, for appellee.

BERNSTEIN, Chief Justice.

The appellant, plaintiff below, was injured in a collision between a motor scooter driven by him and an automobile driven by the defendant. Immediately prior to the accident, the plaintiff was driving his motor scooter in an easterly direction on Esparanza Street in Ajo, Arizona. As the plaintiff reached the crest of a hill, defendant was approaching in the opposite direction along Esparanza Street. Defendant failed to see the plaintiff and made a left turn to the south into Project Road, crossing in front of the plaintiff in his lane of travel. The plaintiff applied the brakes of his scooter, but was unable to stop in time to avoid a collision. The scooter struck defendant's automobile on the right front fender, and plaintiff and his passenger were thrown from the scooter by the impact.

Separate actions were commenced against the defendant by the plaintiff and by his passenger, Patricia Jo Miller. These actions were consolidated in the lower court. Judgment was entered on jury verdicts in favor of the co-plaintiff, Miss Miller, but against the plaintiff on his

claim. No appeal has been taken from the judgment awarded to Miss Miller.

■ The plaintiff contends that the lower court erred in instructing the jury on the principles of contributory negligence.

Among other instructions on the subject of contributory negligence, the following were given and properly objected to by plaintiff:

"You are instructed that even if you find that the Defendant was negligent, if you so—if you find that the Plaintiff Charles Deering was also negligent and that his negligence contributed to his injuries in this case, your verdict *must* be for the Defendant and against the Plaintiff Charles Deering.

\*   \*   \*   \*   \*   \*

" \* \* \* Thus, if you find that both the Defendant and the Plaintiff Charles Deering were guilty of negligence, and that the negligence of both contributed to the damages, you are instructed that your verdict *must* be for the Defendant and against the Plaintiff Charles Deering, regardless of whether either was more negligent than the other or whether one was only slightly negligent." (Emphasis added.)

Instructions of this form are improper and violate the Arizona Constitutional provision that:

"The defense of contributory negligence \* \* \* shall, in all cases

whatsoever, be a question of fact and shall, at all times, be left to the jury." Ariz.Const. Art. 18, § 5, A.R.S.

Michie v. Calhoun, 85 Ariz. 270, 336 P.2d 370 (1959); Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962); Coyner Crop Dusters v. Marsh, 91 Ariz. 371, 372 P.2d 708 (1962). For this reason the case must be remanded for a new trial.

We will discuss other assignments made by the plaintiff for the guidance of the court on the retrial.

■■ Plaintiff contends that the court erred in giving any instruction on contributory negligence as the evidence does not support such an instruction. The evidence showed that as the plaintiff crossed the crest of the hill on Esparanza Street moments before the accident, he was proceeding at a speed of from 20 to 25 miles per hour. A statute of this state requires:

"The driver of every vehicle shall \* \* \* drive at an appropriate reduced speed when approaching and crossing an intersection \* \* \* [and] when approaching a hill crest \* \* \*." A.R.S. § 28–701, subd. E.

The question of what is an "appropriate reduced speed" under any set of circumstances is a question for the jury. Although the stated speed of the plaintiff did not exceed the posted speed limits, the jury could conclude that, under the circumstances, including the plaintiff's apparent

familiarity with the hill and intersection at the accident scene, 20 to 25 miles per hour was more than an "appropriate reduced speed." We hold that contributory negligence was a proper subject for instruction by the court.

■ The plaintiff assigns as error the giving of the following instruction:

"If you find that an actual or potential hazard existed, then the driver of every vehicle shall drive an appropriate reduced speed when approaching and crossing the intersection or when approaching a hill crest.

"If you find that the Plaintiff, Charles Deering violated the foregoing rule, then you are instructed that he was guilty of negligence per se, providing you further find his negligence was a proximate cause of the accident. * * *"

The plaintiff argues that violation of the speed laws of this state is only prima facie evidence of negligence, not negligence per se.

Driving in excess of definitely specified speed limits is not negligence per se for the reason that the statute (A.R.S. § 28–701) provides that exceeding such limits is only prima facie evidence of negligence, Mitchell v. Emblade, 81 Ariz. 121, 301 P.2d 1032 (1956). But subsection E of A.R.S. § 28–701 (supra) with which we are now

concerned has been construed in the following language:

"* * * [I]f the car is being operated at a lawful speed when approaching the intersection and, having regard for the actual and potential hazards then and there existing, reasonable prudence does not require a reduction in speed, none is appropriate or necessary. To have a rational meaning the statute must be given the interpretation that if under the conditions because of actual or potential hazards, it is appropriate to reduce an otherwise lawful speed such should be done, otherwise it is not required." Wolfe v. Ornelas, 84 Ariz. 115, 118, 324 P.2d 999, 1000 (1958).

When the jury finds that a party fails to slow to what reasonable prudence demands as an "appropriate reduced speed" this is a finding of negligence, not merely prima facie evidence of negligence, Wolfe v. Ornelas, supra; Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934 (1961).

To say that when the jury finds a party has violated what amounts to a statutory standard of reasonable prudence, that party is guilty of negligence per se does not state an incorrect principle of law. It does, however, lead to an inartful confusion of terms.

"A violation of an ordinance or statute forbidding a party to do a *certain*

*act* is negligence per se." Cobb v. Salt River Valley Water Users Ass'n, 57 Ariz. 451, 457, 114 P.2d 904, 906 (1941). (Emphasis added.)

See also Salt River Valley Water Users' Ass'n v. Compton, 39 Ariz. 491, 8 P.2d 249 (1932). Negligence per se results from the violation of specific requirements of law or ordinance. In establishing its existence, the jury need only find that the party committed the specific act prohibited, or omitted to do the specific act required by the statute or ordinance. Swoboda v. Brown, 129 Ohio St. 512, 196 N.E. 274 (1935). When, as here, the statute does not proscribe certain or specific acts, but defines a standard of conduct against which the jury must measure the party's conduct, a finding that the party violated the statutory standard is a finding that the party was *negligent*. The words "per se" add nothing to the word negligent in this case, and are better reserved to describe those instances where certain acts or omissions constitute negligence without further inquiry into the circumstances or reasonableness of their occurrence. Swoboda v. Brown, supra, cf. Wilson, Arizona Automobile Negligence § 3 (1962); Black's Law Dictionary, "negligence per se" p. 1187 (4th ed. 1957). The instruction was not prejudicial but should be corrected.

■ The plaintiff also assigns as error the refusal to allow each of the two co-plaintiffs four peremptory challenges to the jury. 16 A.R.S. R.Civ.P.Rule 47(e) provides:

"Manner of challenging; number of peremptory challenges. Each party shall be entitled to four peremptory challenges, but when there are several parties on a side, they shall join in such peremptory challenge before it can be made. Any individual party, without consent of any other party, may challenge for cause."

Plaintiff argues that the requirement of joining in challenges should not apply in a circumstance where the cases are involuntarily consolidated by order of the court. This indeed is the rule in the Federal Courts and in some states, e. g. Signal Mountain Portland Cement Co. v. Brown, 6 Cir., 141 F.2d 471 (6th Cir. 1944); Healer v. Inkman, 94 Kan. 594, 146 P. 1172 (1915). There appears to be little justification for the rule, 5 Moore, Federal Practice paragraph 47.07 at note 8. We think the law in this state was settled on a contrary principle in Moran v. Jones, 75 Ariz. 175, 253 P.2d 891 (1953) where we said:

"The general rule, recognized by defendants to be the weight of authority, which we hold is the correct one, is that ' * * * where there are several plaintiffs or several defendants, * * * all on one side constitute but one party and are entitled only to the

number of peremptory challenges allowed a single plaintiff or defendant; * * * statutes giving to "each party" a certain number of peremptory challenges are generally so construed. * * *' 50 C.J.S. Juries, § 281. *This is true under our statute even though the several defendants or several plaintiffs are antagonistic and adverse in their positions, since the exercise of a peremptory challenge in civil cases is purely a right or privilege granted by statute and our statute makes no exception where their interests are adverse. * * *"* (Emphasis added.) 75 Ariz. at 177, 178, 253 P.2d at 892, 893.

Admittedly, this was not a case involving a consolidation of actions, but, in our view, this quotation applies with equal force to a case originally involving multiple parties on one or both sides and to a consolidated trial of actions arising from the same incident. The distinction that in the first case the vagaries of chance relationships ally the parties, while in the second they are joined by a court order does not make the limitation of peremptory challenges less fair in the second case than in the first. We find the plaintiff's argument to be without merit.

Because of the error in the contributory negligence instructions the case is remanded for a new trial.

Reversed.

UDALL, STRUCKMEYER and LOCKWOOD, JJ., concur.

JENNINGS, Justice (specially concurring).

Although I dissented in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962) wherein a majority of this Court held that the trial court is deprived of the power to instruct the jury as to what its verdict must be as far as the defense of contributory negligence is concerned under Art. 18, § 5 of our Constitution, such is now deemed to be the law of this State and for that reason I concur.