513 P.2d 692

Veronica **PENASKOVIC** and Joyce Penaskovic, a minor, by and through her mother and next friend, Veronica Penaskovic, Appellants,

v.

F. W. **WOOLWORTH CO.**, a New York corporation, dba Woolco Department Store; and Gateway Corporation, a Missouri corporation, Appellees.

No. I CA–CIV 2095.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 28, 1973.

**404**

Richmond, Ajamie, Fay & Warner, by Bruce F. Demaree, Phoenix, for appellants.

Snell & Wilmer, by Loren W. Counce, Jr., and Kent E. Turley, Phoenix, for appellees.

## OPINION

STEVENS, Judge.

The sole issue on this appeal is the proper interpretation of Rule 47(e), Rules of Civil Procedure, 16 A.R.S., in the matter of the number of peremptory challenges which may be exercised by each "side".

The appellants, as plaintiffs, filed a suit against F. W. Woolworth Co., a New York corporation, dba Woolco Department Store [Woolco], seeking recovery on two counts. The first count was based upon a products liability theory and the second count on a defective repair theory in relation to a bicycle. Gateway Corporation, a Missouri corporation, [Gateway] was the operator of the sporting goods department in the Woolco store and Woolco joined Gateway as a third-party defendant. The bicycle was manufactured by The American Machine & Foundry Co., a corporation, [AMF]. Woolco also filed a third-party complaint against AMF. Before the commencement of the trial Gateway became a party-defendant along with Woolco, and Gateway filed a third-party complaint against AMF. On the day of the trial the parties to the litigation were: the plaintiffs; Woolco and Gateway as codefendants and also as third-party plaintiffs against AMF; and AMF as the third-party defendant.

The number of peremptory challenges is fixed by Rule 47(e), as amended effective prior to the trial. We quote the rule:

"47(e) Manner of challenging; number of peremptory challenges. Each side shall be entitled to four peremptory challenges. For the purposes of this rule, each case, whether a single action or two or more actions consolidated or consolidated for trial, shall be treated as having only two sides. Whenever it appears that two or more parties on a side have an adverse or hostile interest, the court may allow additional peremptory challenges, but each side shall have an equal number of peremptory challenges. If the parties on a side are unable to agree upon the allocation of peremptory chal-

lenges among themselves, the allocation shall be determined by the court. Any individual party, without consent of any other party, may challenge for cause."

From the rule it can be seen that in the normal situation of a single plaintiff and a single defendant each side has four peremptory challenges. Where there are multiple parties the rule grants to the trial judge the discretion to "allow additional peremptory challenges" with the admonition that "each side shall have an equal number of peremptory challenges."

AMF sought and secured four peremptory challenges. Woolco and Gateway, as codefendants, together were allowed four peremptory challenges. The plaintiffs completely protected their record in their demand for eight peremptory challenges and they were allowed but four.

At the close of the evidence AMF was dismissed out. The jury returned its verdict in favor of Woolco and Gateway. In due course this appeal followed.

Woolco and Gateway urge that the plaintiffs have not shown that they were prejudiced by the order relative to the number of peremptory challenges allowed to the several parties in the litigation. The plaintiffs urge that the order deprived them of a valuable right and that they need not show prejudice. We agree with the plaintiffs.

The guidelines on peremptory challenges have changed from time to time. See § 37–121, ACA 1939; Rule 47(e), Rules of Civil Procedure, 16 A.R.S. prior to the amendment thereto; and the above-quoted current rule. The matter of an equal number of peremptory challenges for each "side" is present in the various stages of the development of these guidelines.

■ As a general proposition irregularities at the trial level will not result in a reversal at the appellate level unless prejudice to the rights of the appellant is shown. E. A. Tovrea & Company v. Yutich, 24 Ariz. 41, 206 P. 595 (1922); City of Prescott v. Sumid, 30 Ariz. 347, 247 P.

122 (1926); and State v. Whitman, 91 Ariz. 120, 370 P.2d 273 (1962). There is no right to a particular juror so long as the jury is fair and impartial. City of Prescott v. Sumid, supra. Before the entire jury panel may be challenged prejudice must be shown. State v. Narten, 99 Ariz. 116, 407 P.2d 81 (1965), and State v. Mahoney, 106 Ariz. 297, 475 P.2d 479 (1970). On the other hand, if the jury panel has been held beyond the four-month maximum, it is not necessary to show prejudice. Coca Cola Bottling Co. of Flagstaff v. Jones, 74 Ariz. 393, 250 P.2d 586 (1952). The right to the exercise of a party's peremptory challenges may not be taken from that party, and when it is, actual prejudice need not be shown. Moran v. Jones, 75 Ariz. 175, 253 P.2d 891 (1953); State v. Thompson, 68 Ariz. 386, 206 P.2d 1037 (1949); and Board of Trustees v. McEwen, 6 Ariz.App. 148, 430 P.2d 727 (1967). The case of Moran v. Jones, supra, is probably Arizona's leading civil case on this subject.

■ The Court of Appeals in Cavanagh v. Ohio Farmers Insurance Company, 20 Ariz.App. 38, 509 P.2d 1075 (1973), (review by the Arizona Supreme Court has been denied) had occasion to consider the reverse of the situation which is presented in the instant appeal. In Cavanagh a single corporate plaintiff was granted six peremptory challenges; the two individual defendants were granted a combined total of three peremptory challenges; and the three corporate defendants were granted a combined total of three peremptory challenges. The Court held in Cavanagh that the "side" is not controlled by the presence or absence of conflicting interests between the parties on that side in relation to the issue relative to the proper number of peremptory challenges to be allowed. The Court of Appeals concluded:

"The rule limits each case to two sides which necessarily are the plaintiffs and the defendants. No provision is made for the situation where the plaintiffs and some defendants are not adverse. The

rule does provide for additional peremptory challenges where two or more parties on a side 'have an adverse or hostile interest * * * but each side shall have an equal number of peremptory challenges.' " 20 Ariz.App. at 42, 509 P.2d at 1079

This cause is reversed for a new trial or for other proceedings not inconsistent with this opinion.

DONOFRIO, P. J., and OGG, J., concur.