476 P.2d 889

YAVAPAI COUNTY, a political subdivision of the State of Arizona, John J. Pruitt, M. E. Rohrer, Bert Owens, Board of Supervisors of Yavapai County, Ersel Garrison and Jennie Garrison, his wife, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YAVAPAI, the Honorable Jack L. Ogg, Judge Thereof, Lovene Inscho and Stella Inscho, his wife, Ray Steele and Art Tevis and Diana R. Tevis, his wife, Respondents.

No. 1 CA–CIV 1506.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 23, 1970.

Favour & Quail, by Keith F. Quail, Prescott, for petitioners.

Boyle & Brown, by Raymond W. Brown, Prescott, for respondents, Lovene Inscho and Stella Inscho.

Meyers & Garbarino, by William J. Meyers, Gerald Thomas, Kenneth Lincoln, Flagstaff, for respondents, Ray Steele, Art Tevis and Diana R. Tevis.

EUBANK, Presiding Judge.

The petitioners in this original special action proceeding, who are defendants in two substantially identical lawsuits which were properly consolidated for trial in the Superior Court of Yavapai County without objection by any party, challenge a subsequent order of the respondent trial judge which in effect "de-consolidated" the two actions in order to grant to the plaintiffs in one of the two lawsuits a post-consolidation motion for change of venue which was not desired by the plaintiffs in the other lawsuit. We hold, in granting the petition for extraordinary relief, that the plaintiffs who later sought to transfer venue waived their right to a change of forum by failing to assert it prior to the order of consolidation.

The respondent real parties in interest—Inscho, Steele and Tevis—each owned one or more airplanes which they kept at the Clemenceau Airport in or near Cottonwood in Yavapai County. The Airport was operated by the petitioner, Yavapai County, under the management of the petitioner, Ersel Garrison. On or about December 20, 1967, the roof of a hangar at the Airport collapsed during or after a snowstorm, damaging planes owned by the several respondent real parties in interest.

On August 20, 1968, the respondents Inscho filed a complaint against petitioners (and two other persons) for damages to their airplane in the Superior Court of Yavapai County. On February 24, 1969, the respondents Steele and Tevis filed a joint complaint[1] against petitioners in the same Court for damages to each of their respective airplanes. Both complaints alleged negligence on the part of petitioners with respect to the December 20, 1967 occurrence proximately resulting in the damage to the planes.

On August 21, 1969, several months after both complaints had been answered by petitioners, the petitioner Yavapai County filed a motion for consolidation of the two separate actions, which were designated Nos. 25938 (Inscho) and 26206 (Steele and Tevis), on the grounds that both involved common questions of law and fact and that consolidation would avoid unnecessary costs and delay. *See* Rule 42(a) of the Rules of Civil Procedure. The motion was regularly heard on September 15, 1969, with the appearance and approval of the respondents Inscho, but without any appearance of any kind by the respondents Steele and Tevis. On September 17, 1969, an order was entered consolidating the two cases "for trial".

Thereafter, in May, 1970, the respondents Steele and Tevis moved for a change of venue in their case No. 26206 to Coconino County. The motion was based upon A.R.S. § 12–408, subsec. A, which provides:

"A. In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."

The Inschos, however, wanted their case to remain in Yavapai County and therefore filed a motion for a separate trial of No. 25938 in Yavapai County, in which they and the other respondent real parties in interest resided. By minute entry order dated July 3, 1970, the respondent judge granted both motions, transferring case No. 26206 to the Superior Court of Coconino County and "severing" case No. 25938 for separate trial in Yavapai County. This describes the posture of the litigation as it now comes before this court.

We first observe that the trial court unquestionably has the power to va-

---

1. As is permitted by Rule 20(a) of the Rules of Civil Procedure, 16 A.R.S.

cate or modify a previous order of consolidation where good cause appears. *See* Kelly v. Greer, 295 F.2d 18, 20 (3 Cir. 1961) and 1 C.J.S. Actions § 114. It seems clear, too, that a consolidation of cases "for trial", as here, " \* \* \* does not merge the suits into a single cause, or change the rights of the parties \* \* \* " Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496, 53 S.Ct. 721, 727, 77 L.Ed. 1331, 1345 (1932), quoted in Torosian v. Paulos, 82 Ariz. 304, 316, 313 P.2d 382, 390 (1957).[2]

All of the respondent plaintiffs were required by the terms of subparagraph 15 of A.R.S. § 12–401 [3] to bring their actions against Yavapai County in the Superior Court of that County. After the filing of answers, however, it was open to any of the respondent plaintiffs to effect a change of venue pursuant to A.R.S. § 12–406 and pursuant to § 12–408, subsec. A, quoted *supra*. The respondents Steele and Tevis had several months in which to change the venue of their case No. 26206 prior to the motion for consolidation.

Employing a literal application of the rule quoted in the Torosian case that a consolidation for trial " \* \* \* does not \* \* \* change the rights of the parties \* \* \* ", it might be argued that this right of the parties to a change of venue in their action against the County survived the order of consolidation. In our view, however, the rights referred to in the passage quoted in the Torosian case refer to (1) substantive rights, and (2) those procedural rights which are not antithetical to the concept of a consolidation of actions for trial. We further think that the right to obtain a change of venue *is antithetical* to a consolidation of actions for trial because, in the context of the present litigation, if one group of plaintiffs retain the right to change the venue of their "unmerged" action, it follows that the other group of plaintiffs has a corresponding right to determine whether to retain or change the original venue of their action. This would result in a *de facto* severance of the litigation, and render an order of consolidation "for trial" meaningless.

■ Since a retained right to change venue of a constituent cause of action is incompatible with the single-trial concept of consolidation, a waiver of the right to change venue is inherent in a failure to assert such right prior to consolidation. Stating essentially the same thing another way, failure to object to a motion for consolidation of actions for trial in the Superior Court of a particular county is tantamount to an acceptance of that Court as the proper forum to hear and determine each action consolidated. These conclusions accord with the principle that venue is a personal, procedural right without jurisdictional status which may be waived by a failure of timely assertion. *See* Sil-Flo Corp. v. Bowen, 98 Ariz. 77, 83, 402 P.2d 22, 26 (1965).

It follows that the trial judge abused his discretion in granting the motion of the respondents Steele and Tevis for a change of venue, and in severing the consolidated cases for reasons of venue. The case is a proper one for extraordinary relief. Brown v. Superior Court, 2 Ariz.App. 434, 435, 409 P.2d 593, 594 (1966).

The issuance by this court of its mandate herein will constitute an order vacating the order entered in the trial court on July 3, 1970, purporting to transfer and sever the previously consolidated actions.

HAIRE and STEVENS, JJ., concur.

---

**2.** Torosian was immaterially modified at 82 Ariz. 404, 313 P.2d 1120 (1957).

**3.** "Chapter 4.—Venue and Change of Venue or Judge
  § 12–401. Venue
    \*    \*    \*    \*    \*

15. Actions against counties shall be brought in the county sued unless there are several counties defendants, when it may be brought in any one of the counties."