860 P.2d 1338

Frank SWITZER and Jackie Switzer, husband and wife; Supereast Limited Partnership, an Arizona partnership; Switdevco, Inc., an Arizona corporation; and Walter Switzer, Inc., an Arizona corporation, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Sherry Hutt and the Honorable Thomas Dunevant, III, judges thereof, Respondent Judges,

ANDOVER LIMITED PARTNERSHIP, an Arizona corporation, Kenneth Allison and Rebecca Allison, husband and wife, Real Parties in Interest.

No. 1 CA–SA 93–0104.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 30, 1993.

Greengard & Finley, P.A. by Patricia J. Finley, Phoenix, for petitioners.

Horne, Kaplan & Bistrow, P.C. by Thomas C. Horne, Phoenix, for respondents/real parties in interest.

## OPINION

KLEINSCHMIDT, Judge.

In this special action, the Petitioners challenge the Respondent Judges' refusal to honor their Notice of Change of Judge filed pursuant to Rule 42(f), Arizona Rules of Civil Procedure. We accept jurisdiction but deny relief.

Petitioners Switdevco, Inc., and Supereast Limited Partnership sued the Real Parties in Interest, Andover Properties Limited Partnership and Kenneth and Rebecca Allison, over a dispute which arose out of a joint venture to develop a shopping mall. Andover and the Allisons answered and counterclaimed, adding Petitioner Walter Switzer, Inc., as an additional counterdefendant. Each side then filed Motions for Summary Judgment. Before these motions were ruled on, Andover and the Allisons, with the permission of the court, filed an Amended Answer and Counterclaim, this time also adding the Petitioners, Frank and Jackie Switzer, as additional counterdefendants on the theory that they were the alter egos of Walter Switzer, Inc. Frank and Jackie Switzer did not join, and were not joined in, the Motions for Summary Judgment.

In January 1993, the trial judge denied the Motions for Summary Judgment. The next day Frank and Jackie Switzer answered the Amended Counterclaim. In March 1993, Frank and Jackie Switzer filed a Notice of Change of Judge. Nothing transpired between the time the Switzers filed their Answer and the time they filed the Notice of Change of Judge that had any ramifications for the application of Rule 42(f). The trial judge refused to honor the Notice of Change of Judge, finding that the same counsel represented all of the Petitioners, that the Petitioners' interests were consistent and not hostile, and that she, the trial judge, had already ruled on contested matters. The Switzers, who we will refer to as hereinafter as the Petitioners, then brought this special action.

Rule 42(f), Arizona Rules of Civil Procedure, provides in part:

1. *Change as a Matter of Right.*

(A) **Nature of Proceedings.** In any action pending in superior court ... each *side* is entitled as a matter of right to a change of one judge and of one court commissioner. Each action, whether single or consolidated, shall be treated as

having only two *sides*. Whenever two or more *parties* on a *side* have adverse or hostile interests, the presiding judge may allow additional changes of judge as a matter of right but each *side* shall have the right to the same number of such changes ...

.  .  .  .

**(D) Waiver.** A *party* waives the right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the *party* agrees to the assignment or participates before that judge in:

(i) any scheduled contested matter in the case; or

(ii) a scheduled pretrial hearing or conference; or

(iii) the commencement of a trial.

Such waiver is to apply only to such assigned judge.

(emphasis added).

The Petitioners contend that they did not waive their right to a peremptory change of judge because they were not parties to the action at the time the Motions for Summary Judgment were filed, and having filed an Answer to the Counterclaim only after the motions were decided, were not parties to the action at the time the judge ruled on a contested matter in the case. Their argument is that it is unfair to deny a latecomer to the case the right to a change of judge. The parties have not cited, and we have not found, any case that is directly on point.

The Petitioners contend that the difference in terminology between subsection (A) and subsection (D) of Rule 42(f)(1) supports their position. Subsection (A) grants the right to file a notice of change of judge to each *side* in the case, while subsection (D) says that a *party* waives the right to file a change of judge if it participates in any contested matter. It follows from this, the Petitioners say, that it must be the intent

of the rule that notwithstanding the participation of a side in a contested matter, any party, even if aligned with that side, can file a notice of change of judge if that party did not actually participate.

While Rule 42(f) should be given its intended effect, it has not been interpreted broadly in the past. *See, e.g., Hickox v. Superior Court,* 19 Ariz.App. 195, 198, 505 P.2d 1086, 1089 (1973) (exercise of right cannot be retrieved when party discovers noticed judge's change of assignment precluded that judge from presiding). Notices of change of judge entail considerable administrative attention and inconvenience, and we are reluctant to interpret Rule 42(f) expansively, particularly if in doing so we were to destroy a limitation on the right which is clearly evident in the rule. That limitation, which treats all parties with similar interests as one side entitled to only one notice of change of judge, is a reasonable compromise between the interests of litigants who would like a free hand in selecting their forum, and the interests of the court in the efficient administration of cases. If we were to adopt the Petitioners' interpretation, subsection (A), which limits each side to a single notice of change of judge, would have little meaning in cases involving multiple parties.

■ We do not believe that the use of the word "party" in Rule 42(f)(1)(D) is necessarily inconsistent with the use of the word "side" in Rule 42(f)(1)(A). Reading the provisions of Rule 42(f) in an integrated manner, we believe they simply mean that each side has a peremptory notice and that any party can either exercise or waive that notice, even though the other parties on that side do not concur in the exercise or waiver and may not have been parties at the time the exercise or waiver occurred.

■ We acknowledge that a party who is brought into an action after some other party on its side of the case has used or waived a notice of change of judge has lost a right that might have otherwise been

available to it. A similar problem is created when one party on a side exercises a notice of change of judge against the wishes of other parties on the same side. The Petitioners do not argue that when this occurs the party who did not consent to the exercise of the notice is entitled to an additional notice of its own.

The harshness of what occurred here is ameliorated by the fact that when the inability to change judges might be especially harmful, as when the newcomer's interests are inconsistent with those of other parties on the same side, or when the judge is biased against the newcomer, the newcomer may still gain relief under the provisions of Rule 42(f)(1)(A) (hostile interests of parties on same side justifies an additional notice of change of judge) or Rule 42(f)(2) (change of judge for cause).

In this case, we doubt that the Switzers have really lost anything except the chance to change judges after they had a glimpse of what the judge thought about the merits of the case. The judge specifically found that their interests were intertwined with those of the other Petitioners. The same attorneys represent all the Petitioners, and Frank Switzer owns a controlling interest in Walter Switzer, Inc., which is a wholly owned subsidiary of yet another Petitioner, Switdevco. Switdevco is the general partner of Supereast. *See Edwards v. Superior Court,* 5 Ariz.App. 211, 215, 424 P.2d 859, 863 (1967) (corporation which had an identity of interests with other parties not entitled to change of judge when other parties had participated in an evidentiary hearing and received a ruling thereon).

We are aware of the decision in *Chalpin v. Mobile Garden, Inc.,* 18 Ariz.App. 231, 501 P.2d 407 (1972), which held that a party who was joined in the action after the judge had ruled on a contested motion could file a notice of change of judge. *Chalpin,* however, predated the adoption of the proviso in Rule 42(f)(1)(A), which specifies that each action shall be treated as having only two sides. For that reason,

*Chalpin* does not control the result in this case.

For the foregoing reasons, the relief requested by the Petitioners is denied.

CLABORNE, P.J., and NOYES, J., concur.