213 P.3d 193

**Alfredo HUERTA, Petitioner,**

v.

**The Honorable John N. NELSON, Judge of the Superior Court of the State of Arizona, in and for the County of Yuma, Respondent Judge,**

**Alberto Huerta; Angela Huerta; Leticia Guerrero, Real Parties in Interest.**

**No. 1 CA–SA 09–0026.**

Court of Appeals of Arizona, Division 1, Department E.

June 16, 2009.

Clark & Associates By A. James Clark, Yuma, Attorneys for Petitioner.

Gammage & Burnham, P.L.C. By Richard K. Mahrle, Jonathan A. Bennett, Phoenix, Attorneys for Real Party in Interest Leticia Guerrero.

Murphy, Schmitt, Hathaway & Wilson, P.L.L.C. By Selmer D. Lutey, Prescott, Attorneys for Real Party in Interest Alberto Huerta.

Jardine Baker Hickman & Houston, P.L.L.C., By Michael Warznski, Phoenix, Attorneys for Leticia Guerrero as Representative of the Trust.

## OPINION

JOHNSEN, Judge.

¶ 1 We hold in this special action that a party whose case becomes consolidated with another may not thereafter exercise a peremptory change of judge pursuant to Arizona Rule of Civil Procedure ("Rule") 42(f)(1) if a party on the same "side" in the other case already has exercised a peremptory change of judge.[1]

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Petitioner Alfredo Huerta is the son of the decedent in a probate case filed in Yuma County in 2003 that initially was assigned to the Honorable John Paul Plante. As an heir to the estate, Petitioner appeared through counsel and in October 2003 filed a Notice of Change of Judge pursuant to Rule 42(f)(1). The notice was granted and the probate case was reassigned to the Honorable John N. Nelson.

¶ 3 On September 9, 2008, Petitioner filed a civil complaint against Real Parties in Interest, alleging they were converting assets of the estate. On Real Parties' motion and over Petitioner's objection, Judge Nelson consolidated the civil case with the probate case.[2] The next day, Petitioner, as plaintiff in the now-consolidated civil case, filed a Notice of Change of Judge pursuant to Rule 42(f)(1), asserting he had "not previously been granted a change of judge as a matter of right in this case."

¶ 4 Judge Nelson denied the notice. In his order, Judge Nelson noted that he had presided over the "very complex probate" since Petitioner "exercised his first and only right ... to a change of judge as a matter of right." Judge Nelson cited the general benefits of consolidation and observed that claims similar to those in Petitioner's civil complaint "[h]istorically and in general ...

are filed under the probate matter." Finally, Judge Nelson concluded, "Granting the Notice of Change of Judge for the now consolidated civil case neither promotes the purpose of consolidation, nor would a denial of the Notice of Change of Judge prejudice [Petitioner]."

## SPECIAL ACTION JURISDICTION

■ ¶ 5 This court properly accepts jurisdiction over a special action petition when the petitioner does not have an "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Special action is the proper avenue by which to challenge the denial of a notice of change of judge. See *Taliaferro v. Taliaferro,* 186 Ariz. 221, 223– 24, 921 P.2d 21, 23–24 (1996); *Brush Wellman, Inc. v. Lee,* 196 Ariz. 344, 346, ¶ 5, 996 P.2d 1248, 1250 (App.2000). Therefore, we accept jurisdiction of the special action petition.

## DISCUSSION

■ ¶ 6 Pursuant to Rule 42(f)(1)(A), "[i]n any action pending in superior court ... each side is entitled as a matter of right to a change of one judge...." Rule 42(f)(1)(A) further provides that "[e]ach action, whether single or consolidated, shall be treated as having only two sides." The rule "treats all parties with similar interests as one side entitled to only one notice of change of judge." *Switzer v. Superior Court,* 176 Ariz. 285, 287, 860 P.2d 1338, 1340 (App.1993). It allows the presiding judge to grant additional peremptory changes of judge only when "two or more parties on [the] side have adverse or hostile interests." Ariz. R. Civ. P. 42(f)(1)(A).

¶ 7 In refusing to honor Petitioner's notice, Judge Nelson found that in the consolidated cases Petitioner was aligned with the same "side" he occupied in the probate action and

---

1. We previously issued an order accepting jurisdiction of Petitioner's special action petition but denying relief. In this opinion, we explain the reasons for that order.

2. There is no jurisdictional bar to the consolidation of a probate case with a civil action relating to the probate estate. *Marvin Johnson, P.C. v.*

*Myers,* 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995) ("[T]here is no probate court apart from the superior court and no subject matter jurisdictional bar to the ability of a superior court judge to hear both a probate matter and a civil action connected with it."). In this special action, Petitioner does not take issue with the consolidation.

that he already had exercised that side's one peremptory change. Petitioner argues that because Rule 42(f)(1) states each side is entitled to a change of judge as a matter of right "[i]n *any action* pending in superior court" (emphasis added), and because "consolidation of cases ... does not merge the suits into a single cause, or change the rights of the parties," *Yavapai County v. Superior Court*, 13 Ariz.App. 368, 370, 476 P.2d 889, 891 (1970) (citation omitted), he was entitled to a change of judge as a matter of right in the consolidated action despite already having exercised that right in the probate matter.

¶ 8 The plain language of the rule, which expressly applies to consolidated cases, disposes of Petitioner's argument. Although the rule grants a peremptory change to "each side" "[i]n any action," it expressly limits that right by providing that "[e]ach action, *whether single or consolidated,* shall be treated as having only two sides." Ariz. R. Civ. P. 42(f)(1)(A) (emphasis added); *see also Brush Wellman,* 196 Ariz., at 348, ¶ 13, 996 P.2d at 1252 (Rule 42(f)(1) allows "one change of judge per side, rather than per case"). Thus, pursuant to the rule, if a party in Case One exercises its right to a change of judge before that case is consolidated with Case Two, that peremptory change prevents a party on the same "side" in Case Two from exercising an "of right" change of judge after consolidation.

¶ 9 Petitioner argues, however, that such an outcome flies in the face of *Yavapai County,* which held that consolidation does not "change the rights of the parties." 13 Ariz. App. at 370, 476 P.2d at 891. But Rule 42(f)(1) does not violate that principle: Each side in an action, consolidated or not, is entitled to just one peremptory change of judge. If Huerta's civil complaint had included other plaintiffs and one of them filed a peremptory notice, that notice would preclude Huerta from exercising his own peremptory change even absent consolidation. Pursuant to the express language of the rule, the same is true after consolidation.

¶ 10 *Yavapai County* does not compel a different outcome. At issue in that case were two consolidated lawsuits against a county. 13 Ariz.App. at 369, 476 P.2d at

890. Pursuant to A.R.S. § 12–408(A) (2003), after a case is commenced, a party adverse to a county may move to change venue. The cases were consolidated before either set of plaintiffs moved for change of venue. *Id.* When one set of plaintiffs complained that consolidation had deprived them of their statutory right to change venue, the superior court severed the cases and granted the venue change in the one case. *Id.* Because section 12–408(A) did not specifically address consolidation, we were required to analyze whether exercise of the right to change venue as provided in the statute would be "antithetical to consolidation." *See id.* (concluding that because permitting one set of plaintiffs to elect to change venue after consolidation would require the cases to be severed, request for change of venue would not be honored).

¶ 11 By contrast to the venue statute at issue in *Yavapai County,* Rule 42(f)(1)(A) specifically instructs that in any action, each side is permitted just one change of judge and that "[e]ach action, whether single or consolidated, shall be treated as having only two sides." By expressly allowing only a single peremptory change per side even in the event of consolidation, Rule 42(f)(1)(A) acknowledges that when, as here, a party has exercised a peremptory change prior to consolidation, no other party on the same side after consolidation may exercise a peremptory change, absent a finding of hostile interests.

¶ 12 The relevant legal authority, while sparse, supports our conclusion. Rule 42(f)(1) was promulgated in 1971. The State Bar Committee Note to the rule explains that it "adopts for changes of judge the two 'sides' approach used for peremptory challenges to jurors in Rule 47(e)." Rule 47(e), in turn, provides that for the purpose of peremptory challenges to jurors, "each case, whether a single action or two or more actions consolidated or consolidated for trial, shall be treated as having only two sides." According to the State Bar Committee Note to the 1968 amendment of Rule 47(e), "[t]he provision that each case shall be treated as having only two sides is intended to forestall any contention that there may be more than

two sides because of cross-claims or third party claims."

¶ 13 In *Moran v. Jones*, 75 Ariz. 175, 253 P.2d 891 (1953), our supreme court further explained that pursuant to Rule 47(e), "where there are several plaintiffs or several defendants ... all on one side constitute but one party and are entitled only to the number of peremptory challenges allowed a single plaintiff or defendant ...." *Id.* at 178, 253 P.2d at 892 (citation omitted). This rule applies even when cases are "involuntarily consolidated by order of the court." *Deering v. Carter*, 92 Ariz. 329, 333–34, 376 P.2d 857, 860–61 (1962).

¶ 14 Consistent with the application of Rule 47(e) in *Moran*, we interpret Rule 42(f)(1) to mean that when, for whatever reason, there are multiple parties in a case, absent a showing of hostile interests within a "side" pursuant to subpart (1)(A), there are only two "sides" and each may exercise only one peremptory change of judge.

¶ 15 We also find considerable support for our conclusion in *Switzer*. Petitioners in that case were added to a pending lawsuit as counterdefendants while a summary judgment motion was pending between the original parties. *Switzer*, 176 Ariz. at 286, 860 P.2d at 1339. After the court denied the motion for summary judgment, the petitioners filed a notice of change of judge pursuant to Rule 42(f)(1). *Id.* The superior court refused to honor the notice because by then it had ruled on contested matters in the case. *Id.; see* Ariz. R. Civ. P. 42(f)(1)(D) (party waives right to peremptory change of judge when court "rules on any contested issue" or "grants or denies a motion to dispose of one or more claims or defenses in the action"). On special action to this court, the petitioners argued it was "unfair to deny a latecomer to the case the right to a change of judge." *Switzer*, 176 Ariz. at 287, 860 P.2d at 1340.

¶ 16 We denied relief, holding the various subparts of Rule 42(f)(1) together "simply mean that each side has a peremptory notice and that any party can either exercise or waive that notice, even though the other parties on that side do not concur in the exercise or waiver and may not have been parties at the time the exercise or waiver

occurred." *Id.* The court acknowledged that under its interpretation of Rule 42(f)(1), "a party who is brought into an action after some other party on its side of the case has used or waived a notice of change of judge has lost a right that might have otherwise been available to it." *Id.* at 287–88, 860 P.2d at 1340–41. But we observed that the "harshness" of that result is ameliorated by the fact that Rule 42(f) permits relief to a "newcomer" to a case that can show its interests are hostile to those on its side and also permits a change of judge based on cause. *Id.* at 288, 860 P.2d at 1341.

¶ 17 Like Petitioner in this case, the counterdefendants in *Switzer* were denied their right to a peremptory change of judge solely because of a procedural nicety—if they had been sued in a separate action, they would have been able to exercise their right to a peremptory change of judge; they lost that right solely because they were brought into an existing case after the court already had ruled on contested matters. Similarly, Petitioner's notice of change in the civil case was dishonored solely because that case was consolidated with the probate case.

¶ 18 For purposes of our analysis, it does not matter that Petitioner was the party who filed the notice of change of judge in the probate case; his post-consolidation attempt to exercise a peremptory change would have been doomed by a prior peremptory change by any party that ended up on his "side" after consolidation. *See Deering*, 92 Ariz. at 334, 376 P.2d at 861 (rule that peremptory challenges to jurors must be shared among all parties on a side in a consolidated case is not "less fair" than application of same rule in non-consolidated multi-party case).

¶ 19 Petitioner of course does not contend that his interest in the civil case is adverse or hostile to his interest in the probate case. *See* Ariz. R. Civ. P. 42(f)(1)(A) (permitting additional peremptory changes when "two or more parties on a side have adverse or hostile interests"). Therefore, his prior exercise of a peremptory change in the probate case bars him from exercising a peremptory

change in the civil case after the two were consolidated.[3]

## CONCLUSION

¶ 20 We conclude Rule 42(f)(1)'s limit of a single peremptory change of judge per side applies to a case after it is consolidated, even though that may mean a party that failed to exercise a peremptory change of judge prior to consolidation may not do so afterward. Accordingly, we accept special action jurisdiction but deny relief.[4]

CONCURRING: LAWRENCE F. WINTHROP and PATRICIA K. NORRIS, Judges.

**3.** Because of the manner in which we resolve this case we need not address Real Parties' contention that Petitioner's Notice of Change of Judge was barred by the fact that Judge Nelson had held many scheduled conferences and presided over contested hearings in the probate case involving parties on his "side" prior to consolidation. *See* Rule 42(f)(1)(D); *Switzer,* 176 Ariz. at 288, 860 P.2d at 1341.

**4.** Respondent Real Party in Interest Leticia Guerrero requests attorney's fees and costs pursuant to Arizona Rule of Procedure for Special Actions 4(g) on the grounds that the petition for special action was frivolous. In our discretion, we deny the request for attorney's fees but award costs contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.