NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

COLLEEN LONDON and R. LAMAR WHITMER,
*Plaintiffs/Appellants*,

*v.*

ESTHER SUE KARATZ, solely in her capacity as President
of the named Defendant Entity, and not personally;
HILTON CASITAS HOMEOWNERS ASSOCIATION,
a non-profit corporation, *Defendants/Appellees*.

No. 1 CA-CV 15-0070
FILED 10-4-2016

Appeal from the Superior Court in Maricopa County
No.  CV2014-054346
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Porter Law Firm, Phoenix
By Robert S. Porter
*Counsel for Plaintiffs/Appellants*

Hill, Hall & Deciancio, PLC, Phoenix
By R. Corey Hill, Ginette M. Hill, Christopher Robbins
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

H O W E, Judge:

¶1        Colleen London and R. Lamar Whitmer (collectively, "Homeowners") appeal the trial court's award of attorneys' fees to Hilton Casitas Council of Homeowners ("Council of Homeowners"), arguing that the Council was not a party to the lawsuit. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        The Homeowners own one of twenty-nine casitas on a parcel of land subleased from a Hilton hotel. The Homeowners and the owners of the remaining casitas are members of their homeowners' association, which was founded in May 1972 and governed by a board of directors. The association's declaration, bylaws, and articles of incorporation refer to it as the "Council" and "Council of Co-Owners." The declaration states that its membership comprises the owners of the casitas and exists for the operation and management of the declaration.

¶3        In August 1994, the presiding board of directors incorporated the association as a non-profit organization under the name "Hilton Casitas Council of Homeowners." The articles of incorporation specifically incorporated the 1972 declaration, stated that its membership and purpose were the same as set forth in the declaration, and named the same board of directors. At a members' meeting a few months later, the board informed the casita owners that it had incorporated "to cover individual liabilities," after noting that "most associations of this kind have become incorporated." Upon incorporating, the association kept its same federal tax information, including its employer identification number.

¶4        On August 1, 2014, the Homeowners sued the association. They named the "Council of Co-Owners, also known as Hilton Casitas Council of Co-Owners, also known as Scottsdale Hilton Casitas Homeowners Association, an unincorporated association" and its president, Esther Karatz, as the defendants. The Homeowners alleged that

2

the Council of Co-Owners failed to hold proper elections pursuant to its bylaws and enforce a 2000 management agreement that existed between itself and the hotel. They also alleged that Karatz failed to follow the approved association budget and wrongfully sought money from its reserve for expenses that were not the association's responsibility. The Homeowners sought the appointment of a receiver to act in the association's place.

¶5        The Hilton hotel moved to intervene, arguing that the Homeowners' lawsuit raised questions of the hotel's rights and obligations under its management agreement with the association. On August 15, 2016, the "Council of Homeowners" joined the hotel's motion and moved to dismiss the case. In both motions, the Council of Homeowners altered the caption to reflect it as the proper defendant. In a footnote, the Council of Homeowners explained that the trial court in CV2012-051066, a separate contemporaneous litigation by other casita-owning plaintiffs against the same defendant, had ruled on August 6 that as a matter of law, the non-profit Council of Homeowners was the proper party. That ruling denied those plaintiffs'—represented by the same attorney as the Homeowners here—motion to substitute the defendant Council of Homeowners with the Council of Co-Owners as the real party in interest. The trial court in the 2012 case specifically stated that it found that "the corporate entity [Council of Homeowners] was the successor entity to the unincorporated association as a matter of law and is the proper party in this litigation."

¶6        The Homeowners did not respond to the motion to dismiss, but did object to the Council of Homeowners' joinder, arguing that because the Homeowners did not name the Council of Homeowners in their complaint, it had no standing to join in the hotel's motion to intervene. After hearing argument, the trial court granted the hotel's motion and permitted it to intervene. Believing that the hotel's intervention would cause delay in the lawsuit and make the requested relief untimely, the Homeowners voluntarily dismissed their lawsuit pursuant to Arizona Rule of Civil Procedure 41(a)(1) on August 25, 2014.

¶7        The Council of Homeowners subsequently applied for attorneys' fees and costs, to which the Homeowners objected. The Homeowners again argued that the Council of Co-Owners, which they named as the defendants, and the Council of Homeowners were distinct entities. They reasoned, among other things, that because it only had a contractual relationship with the unincorporated Council of Co-Owners

and not the Council of Homeowners, the latter was not eligible for fees under A.R.S. § 12–341.01.

¶8 The Homeowners also moved for sanctions under Arizona Rule of Civil Procedure 11 against the defense attorneys, arguing that the attorneys impermissibly amended the caption on their own accord and that the attorneys were precluded from asserting that the Council of Homeowners was the correct defendant in the case. But the trial court denied the motion "in light of [the trial court's] ruling dated August 6, 2014" in the 2012 case. Accordingly, the trial court here advised that a response to the Rule 11 motion was unnecessary.

¶9 That same day, the trial court also issued its ruling granting the Council of Homeowners attorneys' fees and costs. The trial court ordered that "[t]his award runs in favor of all defendants represented by [defense counsel] in this case, without regard to the identity or legal form of the proper party to the suit." The court further ordered that judgment be entered in favor of Karatz, the Council of Homeowners, the Council of Co-Owners, and the Scottsdale Hilton Casitas Homeowners Association, jointly and severally.

¶10 The Homeowners then moved for a new trial pursuant to Arizona Rule of Civil Procedure 59(a)(8), arguing, as relevant here, that the trial court lacked the authority to grant fees to the "Defendant Association" because the association did not vote to authorize defense counsel to represent them pursuant to the 1972 declaration. The trial court denied the motion, finding that the Homeowners waived the arguments by failing to raise them in the response to the Council of Homeowners' fee application. The Homeowners then timely appealed the judgment and the denial of their motion for new trial.

¶11 As the case was pending appeal in this Court, the Homeowners, then proceeding pro se, moved to stay the appeal and re-vest jurisdiction in the trial court so that they could move to set aside or vacate the judgment under Rule 60(c). This Court granted that motion. The Homeowners alleged in their Rule 60(c) motion that newly discovered evidence showed that defense counsel engaged in "misconduct and fraud" in procuring the judgment awarding them attorneys' fees by misrepresenting to the trial court that the Council of Homeowners replaced the Council of Co-Owners. The Homeowners also moved to compel defense counsel to produce several documents that they believed were necessary to prove that the Council of Co-Owners authorized the Council of

4

Homeowners to merge, or to alternatively file an affidavit "confirming the nonexistence" of that information. The trial court denied the motions.

¶12        The Council of Homeowners then applied for attorneys' fees and moved for Rule 11 sanctions against the Homeowners relating to the litigation of the Rule 60(c) motion. After subsequent briefing and an opposing motion for sanctions, the trial court denied the requests for sanctions and awarded the Council of Homeowners an award of fees significantly lower than what it requested, stating that much of its arguments "reflected a personal feud on which this Court declines to spend more time." The Homeowners timely appealed the trial court's awards of fees and costs.

## DISCUSSION

¶13        The Homeowners argue on appeal that the Council of Homeowners is not a party to the lawsuit and that the trial court therefore erred by awarding it attorneys' fees as the successful party under A.R.S. § 12–341.01. We review the trial court's award of attorneys' fees for an abuse of discretion. *Bennet Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205 ¶ 5, 330 P.3d 961, 962 (App. 2014). We defer to the trial court regarding any factual findings and infer that the court found every fact necessary to sustain the judgment. *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 540 ¶ 23, 96 P.3d 530, 538 (App. 2004). We will not reverse the trial court unless its findings are clearly erroneous. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 182 ¶ 27, 181 P.3d 219, 229 (App. 2008). We review any questions of law, however, including the trial court's authority to award fees, de novo. *Bennet Blum*, 235 Ariz. at 206 ¶ 5, 330 P.3d at 962. Because the trial court's finding that the Council of Homeowners succeeded the unincorporated association was not clearly erroneous, it did not err in awarding the Council of Homeowners attorneys' fees as the successful party under A.R.S. § 12–341.01.

¶14        For contested actions arising out of a contract, A.R.S. § 12–341.01(A) permits a trial court to "award the successful party reasonable attorney fees." A "party" is one who has a right to appeal and contest any litigated issue in court. *Chalpin v. Mobile Gardens, Inc.*, 18 Ariz. App. 231, 234, 501 P.2d 407, 410 (1972), *superseded by statute on other grounds as stated in Switzer v. Superior Court*, 176 Ariz. 285, 288, 860 P.2d 1338, 1341 (App. 1993). This includes someone who is directly interested in the subject matter of the suit or some part thereof and who has a right to make defenses, control proceedings, and examine witnesses. *Helge v. Druke*, 136 Ariz. 434, 437, 666 P.2d 534, 537 (App. 1983).

¶15        The trial court's finding that the Council of Homeowners was a party to the lawsuit and thus eligible for fees was not clearly erroneous because the Council of Homeowners had the right to contest the litigation and was directly interested in the subject matter of the suit. The Homeowners' complaint alleged a failure to comply with the bylaws' election procedures and to enforce a management agreement between it and its lessor, the hotel. Similarly, the Homeowners sued Karatz in her capacity as president of the association. If the Homeowners continued and succeeded on their claim and received the sought-after relief, the Council of Homeowners would have to relinquish some of its authority to an appointed receiver. This potential loss of management authority reflects a direct interest in the suit and creates a right to litigate the alleged wrongdoings.

¶16        This finding was also supported by the record. Although the association has had and still has several names, the record shows that the original association, which was known as the Council of Co-Owners and the Scottsdale Hilton Casitas Homeowners Association, incorporated in 1994 under the Council of Homeowners name. This action was approved and executed by the then-board of directors, which informed the association members about the change at a subsequent meeting. The Council of Homeowners' incorporation paperwork specifically adopted the 1972 declaration, membership, purpose, and same board of directors. After its incorporation, the association continued to use the same information on its tax returns, including its unique employer identification number.

¶17        Moreover, the question of the correct defendant's status was fully briefed and decided by the trial court in the 2012 case. Although the lawsuits involved different plaintiffs, the substantive issue was the same in both cases' motions. *Cf. Reidy v. O'Malley Lumber Co.*, 92 Ariz. 130, 132–33, 374 P.2d 882, 884 (1962) (stating that a court may take judicial notice of the record in another action in the same court, and concluding that the trial court in a specific performance action properly took into consideration a prior disposition in another case when the cases dealt with identical questions of entitlement to proceeds and the same property). The trial court thus did not err in adopting the other court's ruling in the 2012 case that the Council of Homeowners was the successor entity of the previously unincorporated Council of Co-Owners. Because the Council of Homeowners is the successor to the Council of Co-Owners, it is a "party" to this lawsuit. Accordingly, the trial court did not err by awarding it fees under A.R.S. § 12–341.01(A).

**¶18** The Council of Homeowners requests attorneys' fees incurred on appeal pursuant to A.R.S. § 12–341.01(A). We grant its request and will award reasonable fees upon timely compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶19** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA